UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **FORTIS CORPORATE INSURANCE, as** subrogee of Empire Resources, Inc., | ) ) ) | Case No. 07-03731 |
| | ) | **(Judge Victor Marrero)** |
| Plaintiff, | ) ) | |
| -v- | ) ) | |
| **TOTAL QUALITY LOGISTICS, INC.,** *et al.*, | ) ) ) | **ANSWER** |
| | ) | **(Jury Demanded)** |
| Defendants. | ) | |

Defendant Total Quality Logistics, Inc. ("TQL"), for its Answer to the Complaint asserted by Plaintiff Fortis Corporate Insurance ("Plaintiff"), as subrogee of Empire Resources, Inc., by and through counsel, states as follows:

1. TQL denies the allegations contained in Paragraph 1 of the Complaint.

2. TQL denies the allegations contained in Paragraph 2 of the Complaint for lack of knowledge of the same.

3. TQL admits the allegations contained in Paragraph 3 of the Complaint.

4. TQL denies the allegations contained in Paragraph 4 of the Complaint for lack of knowledge of the same.

5. TQL denies the allegations contained in Paragraph 5 of the Complaint.

6. TQL denies for lack of knowledge the allegations contained in Paragraph 6 of the Complaint.

7. TQL denies the allegations contained in Paragraph 7 of the Complaint.

8. TQL repeats and re-alleges the responses in Paragraphs 1 through 7 above as if fully rewritten herein.

9. TQL admits that it was contacted to broker a shipment of aluminum coils within the State of Texas. TQL denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. TQL admits the allegations contained in Paragraph 10 of the Complaint.

11. TQL expressly denies that it was a common carrier or bailee. TQL denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. TQL denies the allegations contained in Paragraph 12 of the Complaint.

13. TQL repeats and re-alleges the responses in Paragraphs 1 through 12 above as if fully rewritten herein.

14. TQL denies the allegations contained in Paragraph 14 of the Complaint.

15. TQL expressly denies settling this matter with Plaintiff. TQL denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. TQL denies the allegations contained in Paragraph 16 of the Complaint.

17. TQL denies the allegations contained in Paragraph 17 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrines of waiver, acquiescence, estoppel and laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not the real party in interest and/or lacks standing to assert the claims advanced.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred because TQL's conduct and actions were at all times in good faith and for legitimate business reasons.

- 3 -

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred due to the discharge of TQL's contractual obligation(s).

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of justification.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrines of novation and release.

### NINTH AFFIRMATIVE DEFENSE

The Complaint is barred by the Statute of Frauds.

### TENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrines of recoupment and set-off.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of accord and satisfaction and/or ratification.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's losses and/or damages, if any, were directly and proximately caused by an unforeseeable, intervening, superseding and/or contributing cause and/or person/entity for which TQL bears no responsibility.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's contributory and/or comparative negligence.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to Plaintiff's breach of its obligation of good faith.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims in quasi-contract are barred because an express contract does exist.

### SEVENTEENTH AFFIRMATIVE DEFENSE

TQL serves notice that it intends to rely upon and assert all defenses that may become known or available during the course of discovery in this proceeding and hereby reserve the right to amend this Answer and these Affirmative Defenses to assert any and all such defenses.

- 5 -

**WHEREFORE**, Defendant, Total Quality Logistics, Inc., demands that the Complaint be dismissed, with prejudice, and that Defendant be awarded its attorneys' fees, costs and any other legal and equable relief as the Court may deem just and proper.

Respectfully submitted,

DATED: June 26, 2007

/s/ S. Henry Cho
S. Henry Cho (SC 3793)
Sung Y. Ahn (SA 3773)
PAK & CHO, P.C.
1222 Anderson Avenue
Fort Lee, New Jersey 07024
Phone: (201) 886-0200
Fax:   (201) 886-0111
ahn@pakcho.com
*Attorney for Defendant,*
*Total Quality Logistics, Inc.*

Charles M. Miller (*Pro hac vice* pending)
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6967
Fax: (513) 579-6457
cmiller@kmklaw.com
*Attorney for Defendant,*
*Total Quality Logistics, Inc.*

- 6 -

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 26, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of such filing to ECF participants.

    /s/ S. Henry Cho
S. Henry Cho (SC 3793)