## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

FORTIS CORPORATE INSURANCE as
subrogee of EMPIRE RESOURCES, INC.,

     Plaintiff,

VS.

TOTAL QUALITY LOGISTICS, INC. and
HILL'S TRUCKING, INC.,

     Defendants.

NO.  07-03731
**(Judge Victor Marrero)**

## ANSWER
## (Jury  Trial Demanded)

COMES NOW the Defendant, Hill's Trucking, Inc. (hereinafter "Hill's"), by and through its counsel of record, and submits its Answer to the Complaint herein filed against it, respectfully showing and stating to the Court as follows:

### PRELIMINARY STATEMENT

Unless otherwise expressly indicated to the contrary, Hill's is without knowledge or information sufficient to form a belief as to the truth of the allegations in the Complaint concerning any other legal entity.

1.     With regard to the allegations in numbered paragraph 1 of the Complaint, they assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Hill's admits that Plaintiff has attempted to bring causes of action under an Act of Congress regulating interstate commerce, including but not limited to, the Carmack Amendment. Hill's denies that 49 USC §11706 has any application in this case as said statute relates only to

rail carriers. Hill's denies it is liable to the Plaintiff under said statute and denies it is liable to Plaintiff under other legal theories as alleged.

2.      Hill's is without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 2 of the Complaint and those allegations therefore are denied.

3.      Hill's is without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 3 of the Complaint and those allegations therefore are denied.

4.      Hill's admits it is a Tennessee corporation with a Tennessee principal place of business.

5.      Hill's admits it is a common carrier of cargo in interstate commerce.

6.      Hill's is without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 6 of the Complaint and those allegations therefore are denied.

7.      Hill's is without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 7 of the Complaint and those allegations therefore are denied.

8.      With regard to the allegations in numbered paragraph 8 of the Complaint, Hill's incorporates herein by reference its admissions, denials and explanations to the allegations contained in numbered paragraphs 1 through 7 of the Complaint as if set forth fully herein.

9.      Hill's is without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 9 of the Complaint and those allegations therefore are denied.

10.     Hill's admits it entered into a Rate Confirmation Agreement with Total Quality Logistics on or about September 29, 2006.

11.     Hill's denies the allegations contained in numbered paragraph 11 except to state that the tractor, trailer and load was stolen and consequently, it was not delivered.

12.     Hill's is without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 12 of the Complaint and those allegations therefore are denied and further denies that Hill's is liable to the Plaintiff for any damages.

13.     With regard to the allegations in numbered paragraph 13 of the Complaint, Hill's incorporates herein by reference its admissions, denials and explanations to the allegations contained in numbered paragraphs 1 through 12 of the Complaint as if set forth fully herein.

14.     Hill's, upon information and belief, admits the allegations in numbered paragraph 14 of the Complaint.

15.     Hill's, upon information and belief, admits the allegations in numbered paragraph 15 of the Complaint.

16.     Hill's, upon information and belief, admits the allegations in numbered paragraph 16 of the Complaint.

17.     Hill's, upon information and belief, admits the allegations in numbered paragraph 17 of the Complaint as it relates to co-Defendant, Total Quality Logistics, Inc.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Some or all of the Plaintiff's claims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of the Plaintiff's Complaint must be dismissed because this Court lacks jurisdiction of the subject matter alleged in Plaintiff's Complaint should it be determined that 49 USC §11706 is inapplicable. Further, this Court lacks jurisdiction because the amount in dispute does not rise to the requisite jurisdictional threshold with respect to all of the Plaintiff's claims for damages.

### THIRD DEFENSE

The Plaintiff's Complaint must be dismissed because this Court is not a proper venue.

### FOURTH DEFENSE

Some or all of Plaintiff's claims are barred based on Plaintiff's failure to allege the essential elements of a claim under the Carmack Amendment, including, but not limited to, notice, delivery in good condition, proof of negligence and damages.

### FIFTH DEFENSE

Some or all of Plaintiff's claims are barred because Hill's, at all time relevant, complied with all federal, state and local laws and regulations thereby barring any recovery by Plaintiff against Hill's.

### SIXTH DEFENSE

Some or all of Plaintiff's claims are barred because at all times relevant Hill's was free from any negligence on its part.

4

## SEVENTH DEFENSE

Some or all of Plaintiff's claims are barred to the extent that Plaintiff requests relief which exceeds that available under the law.

## EIGHTH DEFENSE

Some or all of Plaintiff's claims are barred by lack of mutuality of obligation.

## NINTH DEFENSE

Some or all of Plaintiff's claims are barred and/or must be reduced due to Plaintiff's failure to join indispensable parties.

## TENTH DEFENSE

Any recovery that might be had by the Plaintiff should be reduced pursuant to the comparative negligence, fault, responsibility or causation of others.

## ELEVENTH DEFENSE

This Defendant incorporates by reference any defenses raised by co-Defendant, Total Quality Logistics, Inc., to the extent appropriate and reserves the right to amend this Answer to assert any other defenses that may be developed through discovery or at trial.

All allegations in the Plaintiff's Complaint that have not heretofore been admitted, denied or otherwise controverted are now denied as if by strict particular.

WHEREFORE, Defendant, Hill's Trucking, Inc., requests the following relief:

1.    Dismissal of the Complaint with prejudice;

2.    An award of Hill's attorney fees, expenses and costs; and,

3.    Such other relief as this Court deems appropriate.

Respectfully Submitted,

Bennet Susser (BS-7799)
SILLS CUMMINS EPSTEIN & GROSS, P.C.
One Rockefeller Center
New York, New York 10020
Phone: (973) 643-5883
Fax: (973) 643-6500
*Attorney for Defendant,*
*Hill's Trucking, Inc.*


Russell X. Thompson (Pro Hac Vice Application to
be submitted)
THOMPSON • RYAN
5100 Poplar Avenue, Suite 2700
Memphis, Tennessee 38103
Phone: (901) 322-6013
Fax:  (901) 767-4157
*Attorney for Defendant,*
*Hill's Trucking, Inc.*


Robert L. Green (Pro Hac Vice Application to be
submitted)
ALLEN, SUMMERS, SIMPSON, LILLIE &
GRESHAM, PLLC
80 Monroe Avenue, Suite 650
Memphis, Tennessee 38103-2466
Phone: (901) 763-4200
Fax:   (901) 684-1768
*Attorney for Defendant,*
*Hill's Trucking, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I, Bennet Susser, certify that service of the above Answer will be made by electronic filing and by U.S. Mail to the mailing address of all identified counsel of record on this 27 day of June, 2007.

BENNET SUSSER