UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FORTIS CORPORATE INSURANCE, as subrogee of Empire Resources, Inc.,<br><br>Plaintiff,<br><br>-v-<br><br>TOTAL QUALITY LOGISTICS, INC., et al.,<br><br>Defendant /Third-Party Plaintiff,<br><br>-v-<br><br>BOLIVAR INSURANCE AND REAL ESTATE, INC. and CANAL INSURANCE CO.,<br><br>Third-Party Defendants. | Case No. 07-03731<br><br>(Judge Victor Marrero)<br><br><br><br><u>HILL'S TRUCKING, INC.'S ANSWER TO CROSS-CLAIM OF TOTAL QUALITY LOGISTICS, INC.</u> |

Comes now Hill's Trucking, Inc. ("Hill's") as Cross-Claim Defendant and for its Answer to the Cross-Claim of Total Quality Logistics, Inc. ("TQL") respectfully states as follows:

Unless otherwise expressly indicated to the contrary, Hill's is without knowledge or information sufficient to form a belief as to the truth of the allegations in the Cross-Claim concerning any other legal entity.

1.  Hill's is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Cross-Claim.

1

26442

2. Hill's is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Cross-Claim.

3. Hill's, upon information and belief, admits the allegations in numbered paragraph 3 of the Cross-Claim.

4. Hill's avers that the Broker/Carrier Agreement speaks for itself.

5. Hill's denies the allegations in numbered paragraph 5 and avers that it did maintain proper insurance coverage on the tractor and trailer that was stolen.

6. Hill's denies the allegations in numbered paragraph 6.

7. Hill's avers that the Broker/Carrier Agreement speaks for itself and it denies it has any obligation to pay TQL's expenses, attorney fees and costs of any kind or character.

8. Hill's avers that Purchase Order No. 317467 speaks for itself.

9. Hill's avers that the Purchase Order No. 317467 speaks for itself and it denies that any act of commission or omission on its part caused any damage to the freight involved in this case.

10. Hill's avers that Purchase Order No. 317467 speaks for itself and it denies any responsibility for the los of the freight involved in this case.

11. Hill's avers that Purchase Order No. 317467 speaks for itself and that it was in compliance with all transportation regulations according to federal, state and local requirements. Hill's denies it failed to maintain adequate insurance on the tractor-trailer that was stolen.

12. With regard to the allegations in numbered paragraph 12 of the Cross-Claim, Hill's incorporates herein by reference its admissions, denials and explanations to the allegations contained in numbered paragraph 1 through 12 of the Cross-Claim as if set forth fully herein.

26442

13. Hill's avers that the Broker/Carrier Agreement and Purchase Order No. 317467 each speak for itself and it denies any obligation under the Broker/Carrier Agreement, Purchase Order No. 317467, state and federal law which it did not fully comply with and consequently, denies it is obligated to pay any sums which TQL incurs in the defense of the claims of Fortis Corporate Insurance in the underlying cause of action.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Some or all of the Cross-Plaintiff's (TQL) claims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of TQL's Cross-Claim must be dismissed as this Court lacks jurisdiction of the subject matter alleged in the Cross-Claim should it be determined that TQL failed to comply with the Dispute Resolution provision of the Broker/Carrier Agreement. Further, this Court lacks jurisdiction because the amount in dispute does not rise to the requisite jurisdictional threshold with respect to all of TQL's claims for damages.

### THIRD DEFENSE

Some or all of TQL's claims are barred by its failure to comply with the Dispute Resolution provisions of the Broker/Carrier Agreement.

### FOURTH DEFENSE

Some or all of TQL's claims are barred because Hill's, at all times relevant, complied with all federal, state and local laws and regulations thereby barring any recovery by TQL against Hill's.

3

26442

### FIFTH DEFENSE

Some or all of TQL's claims are barred because at all times relevant, Hill's was free from any negligence on its part.

### SIXTH DEFENSE

Some or all of TQL's claims are barred to the extent that TQL requests relief which exceeds that available under the law.

### SEVENTH DEFENSE

Some or all of TQL's claims are barred by lack of mutuality of obligation.

### EIGHTH DEFENSE

Any recovery that might be had by the TQL should be reduced pursuant to the comparative negligence, fault, responsibility or causation of others.

### TENTH DEFENSE

Hill's reserves the right to amend this Answer to assert any other defenses that may be developed through discovery or at trial.

All allegations in TQL's Cross-Claim that have not heretofore been admitted, denied or otherwise controverted are now denied as if by strict particular.

WHEREFORE, Defendant, Hill's Trucking, Inc., requests the following relief:

1. Dismissal of the Cross-Claim with prejudice;

2. An award of Hill's attorney fees, expenses and costs; and,

3. Such other relief as this Court deems appropriate.

4

26442

Respectfully Submitted,

/s/ Bennet Susser
Bennet Susser (BS-7799)
SILLS CUMMIS EPSTEIN & GROSS, P.C.
One Rockefeller Center
New York, New York 10020
Phone: (973) 643-5883
Fax: (973) 643-6500
*Attorney for Defendant,*
*Hill's' Trucking, Inc.*


Russell X. Thompson (Pro Hac Vice Application to be submitted)
THOMPSON • RYAN
5100 Poplar Avenue, Suite 2700
Memphis, Tennessee 38103
Phone: (901) 322-6013
Fax: (901) 767-4157
*Attorney for Defendant,*
*Hill's' Trucking, Inc.*


Robert L. Green (Pro Hac Vice Application to be submitted)
ALLEN, SUMMERS, SIMPSON, LILLIE & GRESHAM, PLLC
80 Monroe Avenue, Suite 650
Memphis, Tennessee 38103-2466
Phone: (901) 763-4200
Fax:   (901) 684-1768
*Attorney for Defendant,*
*Hill's' Trucking, Inc.*

## CERTIFICATE OF SERVICE

I, Bennet Susser, certify that service of the above Answer will be made by electronic filing and by U.S. Mail to the mailing address of all identified counsel of record on this 13 day of July, 2007.

BENNET SUSSER

26442