UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FORTIS CORPORATE INSURANCE as subrogee of EMPIRE RESOURCES, INC., | : | |
| | : | Hon. Victor Marrero, U.S.D.J. |
| Plaintiff, | | |
| | : | |
| v. | | 07 Civ. 03731 (VM) |
| | : | |
| TOTAL QUALITY LOGISTICS, INC. and HILL'S TRUCKING, INC., | : | |
| Defendants. | : | |
| TOTAL QUALITY LOGISTICS, INC., | : | |
| Third-Party Plaintiff, | : | |
| v. | : | |
| BOLIVAR INSURANCE AND REAL ESTATE, INC. and CANAL INSURANCE CO., | : | |
| | : | |
| Third-Party Defendants. | : | |

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY LITIGATION IN DEFERENCE TO THE PENDING TENNESSEE ACTION

---

SILLS CUMMIS & GROSS, P.C.
Attorneys for Defendant
Hill's Trucking, Inc.
One Rockefeller Plaza
New York, New York 10020
(212) 643-7000

## PRELIMINARY STATEMENT

This action concerns claims by an insurance company, as a subrogee, to recover for the loss of its insured arising from the theft of a shipment of aluminum coils in the amount of $75,000 (or, in the alternative, to enforce an alleged settlement against defendant Total Quality Logistics Inc. in the amount of $63,404.61).  Hill's Trucking, Inc. ("Hill's"), one of the defendants in this action, is quite literally a "Mom & Pop" operation.  In a separate and more advanced litigation in a Tennessee state court, Hill's sued its insurance carrier and its agents (two of which have been named as third-party defendants herein), to resolve disputed coverage issues for the loss.  Resolution of the Tennessee action will resolve the pending New York action.  The Tennessee action is subject to a Scheduling Order which requires that a mediation be held on or about June 1, 2008.

If a stay is not granted, Hill's will be faced with litigation on two fronts.  The economic hardship could destroy the company.  Accordingly, for purposes of judicial economy, and given the equities, the defendants respectfully request that the Court stay the entire action pending the outcome of the Tennessee action.

## STATEMENT OF FACTS RELEVANT TO MOTION FOR STAY

This is an action where an insurance company, as subrogee, is seeking to recover for a $75,000 loss (or, in the alternative, to enforce an alleged settlement against defendant Total Quality Logistics Inc. in the amount of $63,404.61). Hill's, in its Answer to this action (the "New York action"), denied any obligation to plaintiff, Fortis Corporate Insurance ("Fortis"). Similarly, in its Answer to the Cross-Claim of co-defendant Total Quality Logistics, Hill's denied that it had breached its Broker/Carrier Agreement because it had insurance on the stolen load through Canal Insurance Company ("Canal").

In response to the claims asserted in this action, Hill's tendered the claims to Canal. When Canal denied coverage, Hill's filed a Complaint in Chancery Court for Hardeman County, Tennessee (the "Tennessee action") against Canal, Greenwich Transportation Underwriters, Inc., and Bolivar Insurance and Real Estate Agency ("Bolivar"). *See* Affidavit of Robert L. Green, Esq., dated February 6, 2008 ("Green Aff.") at ¶ 1, Exhibit 1.

The Tennessee action is well advanced. All the defendants have answered, written discovery is mostly complete, document productions have been exchanged, and the depositions of the plaintiffs (*i.e.*, three deponents appearing on behalf of Hill's) have been concluded. The depositions of Bolivar are scheduled for March 5, 2008. Green Aff. at ¶ 2.

Most importantly, Chancellor William Cole of the Chancery Court has an "Ordered Mediation" for that case pursuant to Rule 31 of the Rules of the Tennessee Supreme Court. The actual date for the mediation will be set by the Court following the hearing of all dispositive motions on May 28, 2008. Green Aff. at ¶ 3, Exhibits 2 and 3.

At issue in the Tennessee action is a determination of the party responsible for submitting an incorrect VIN number on the truck that was involved in the loss of the cargo insured by

3

Fortis, and/or the party who failed to correct the VIN number upon notification. Green Aff. at ¶ 4. The resolution of one or both of these issues will determine the party ultimately responsible to Fortis for its loss.

The New York action is barely in its infancy. Indeed, not all parties have appeared – neither of the third-party defendants has filed an answer (although they have appeared in the Tennessee action). There are no known special circumstances presented in this matter that would compel the New York action to be placed on any type of expedited tract.

On the other hand, Hill's is virtually a "Mom & Pop" operation consisting of Mr. Hill, his son, and three drivers. Having to proceed in the New York action in addition to going forward with the Tennessee action presents an almost impossible financial burden on this company. Green Aff. at ¶ 5.

In advance of filing this motion, Hill's Tennessee counsel sought the consent for a stay of the New York action from all parties in this action. With the exception of Fortis, all parties have joined in this request to stay the proceedings pending resolution of the Tennessee action mediation. Green Aff. at ¶ 6.

In sum, the lawsuit in the Tennessee action is being pursued with all possible and practicable urgency. The resolution of that lawsuit will result in the termination of the New York action.

## ARGUMENT

This action should be stayed because, as a practical matter, the Tennessee action will dispose of the New York action. Federal courts have routinely stayed proceedings where a litigation in another jurisdiction may result in finality to that action. For example, the Second Circuit has concluded that postponing adjudication is consistent with the Court's exercise of prudential concerns where "one possible outcome of the state court proceedings could negate an essential element of [plaintiff's] claim." *Mack v. Varelas*, 835 F.2d 995, 999 (2d Cir. 1987). The Second Circuit therefore stayed plaintiff's federal civil rights claim, despite such claim being subject to exclusive federal jurisdiction, because the outcome of the pending state court proceeding could prove that plaintiff suffered no injury, and hence, no civil rights violation. *See also Kent v. New York City, Sanitation*, 1980 WL 261 *2 (S.D.N.Y. 1980) ("Our decision to defer to the state courts in this case is in keeping with a long-standing practice in this circuit of staying federal litigation where there is pending state litigation which is duplicative").

Indeed, this Court has recognized the prudence of staying a federal action in favor of a subsequently-filed state court action when the factors warrant such a measure. *Van Wagner Enterprises, LLC v. Brown*, 367 F. Supp. 2d 530 (S.D.N.Y. 2005) (Marrero, J.). In *Van Wagner*, plaintiff filed a federal action to enforce one promissory note, and defendant counterclaimed claiming entitlement to an offset to the purchase price of an interest defendant held in plaintiff's affiliate. Thereafter, a different affiliate of the plaintiff filed a New York County state court action against defendant to enforce a different promissory note against defendant who asserted a similar counterclaim that the note should be paid from the proceeds of his interest in the other affiliate. The defendant joined the plaintiff and plaintiff's other affiliate as third parties in the state court action.

In determining whether to exercise its discretion and grant the requested stay of the federal action, this Court considered whether any of following seven factors was met:

> (1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy and extent of relief available in the alternative forum; (4) identity of parties and issues in both actions; (5) likelihood of prompt disposition in the alternative forum; (6) convenience of the parties, counsel and witness; and (7) possibility of prejudice to a party as a result of stay.

367 F. Supp. 2d at 531 (citing Carvalhosa v. Lindgren, 546 F. Supp. 228, 230 (S.D.N.Y. 1982) (quoting Universal Gypsum of Georgia, Inc. v. American Cyanamid Co., 290 F. Supp. 824, 827 (S.D.N.Y. 1975)). The Court identified several factors that were applicable, including the fact that it was unlikely that the parties to the federal action would be prejudiced by a stay pending the outcome of the state court action. 367 F. Supp. 2d at 531.

Here, this case screams for a stay, particularly given the amount in dispute ($75,000 or $63,404.61), and the significant progress that has been made in the Tennessee action, with mediation to occur this Spring. Both actions arise from a common nucleus of operative facts – the theft of a shipment of aluminum coil – and seek an apportionment of responsibility and coverage for the loss.

An impediment to the resolution of the New York action is the question of who bears responsibility for the loss. This is the very issue being determined in the Tennessee action. As a legal matter, once this has been decided in Tennessee, comity will dictate that this important issue no longer needs to be addressed in the New York action. As a practical matter, this decision will also bring about a resolution of the New York action since the parties will weigh their stakes in potential culpability (within the context of the amount at issue) against the cost of litigation.

The third-party defendants who have not yet appeared before this Court are actively engaged in the Tennessee action. Should Hill's be successful in the Tennessee action, the third party claims in this case will become moot. Moreover in such an instance, Hill's insurance carrier may be defending and indemnifying the New York action, rather than Hill's itself, thereby limiting the cost to this "Mom & Pop" operation. Not only is judicial economy promoted, Hill's economic well-being is promoted as well.

The resolution of the Tennessee action may avoid procedural battles before this Court on issues such as whether this Court is the proper forum for a subrogation claim regarding a loss occurring in Texas while under transport by a Tennessee carrier, or whether this Court should exercise jurisdiction over a $63,404.61 claim.

If this case were to go forward, the identical coverage issues nearing resolution in the Tennessee action would be litigated anew here in the third-party claims asserted by Total Quality Logics, Inc.

Certainly there is no prejudice to either party were a stay to be granted while the Tennessee action is steamrolling along. On the other hand, given the size and status of Hill's, in comparison to the numerous insurance carriers and their agents it faces in both actions, the amount at stake in this action, and the costs of having two litigations, the equities favor Hill's resolving issues on one front first – in Tennessee, particularly since that would be used to readily dispose of the claims on the other front.

Given the concerns regarding conservation of judicial resources and promoting a comprehensive disposition of litigation, this Court should stay this action pending final disposition of the more-advanced Tennessee action, and then ascertain if "there is anything left for [the Court] to decide." *Kent,* 1980 WL 261 at *4.

## CONCLUSION

For all of the foregoing reasons, the defendants respectfully request that this Court enter an Order staying this action in its entirety pending completion of the more advanced pending Tennessee action.

Dated: New York, New York
February 7, 2008

/s/
Bennet Susser (BS-7799)
SILLS CUMMIS & GROSS, P.C.
One Rockefeller Plaza
New York, New York 10020
Phone: (212) 643-7000
Fax:    (212) 643-6500
bsusser@sillscummis.com
*Attorney for Defendant*
*Hill's Trucking, Inc.*

/s/
Sung Yong Ahn (SA-3773)
PAK & CHO, P.C.
1222 Anderson Avenue
Fort Lee, New Jersey 07024
Phone: (201) 886-0200
Fax:    (201) 886-0111
ahn@pakcho.com
*Attorney for Defendant/Third Party Plaintiff,*
*Total Quality Logistics, Inc.*

Charles M. Miller (*Pro hac vice*)
KEATING MUETHING & KLEKAMP, PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6967
Fax: (513) 579-6457
cmiller@kmklaw.com
*Attorney for Defendant / Third-Party Plaintiff,*
*Total Quality Logistics, Inc.*

8