## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **FORTIS CORPORATE INSURANCE, as** subrogee of Empire Resources, Inc., | ) | **Case No. 07-03731** |
| | ) | |
| | ) | **(Judge Victor Marrero)** |
| **Plaintiff,** | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| **TOTAL QUALITY LOGISTICS, INC.,** *et al.,* | ) | **AFFIDAVIT OF ROBERT L. GREEN** |
| | ) | |
| **Defendant /Third-Party Plaintiff,** | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| **BOLIVAR INSURANCE AND REAL ESTATE, INC. and CANAL INSURANCE CO.,** | ) | |
| | ) | |
| **Third-Party Defendants.** | ) | |
| | ) | |

| | |
|---|---|
| STATE OF TENNESSEE | ) |
| | ) |
| COUNTY OF SHELBY | ) |

Robert L. Green, being first duly sworn, makes oath as follows:

1.      That I am co-counsel of record on the Complaint filed on behalf of Hill Trucking, Inc. ("Hill") in the Chancery Court for Hardeman County, Tennessee, attached as Exhibit 1 being a true and correct copy of the Complaint filed in Cause No. 16219.

2.      That the named Defendants have answered as well as the cross-Defendant, Bolivar Insurance and Real Estate Agency, Inc. ("Bolivar"), the written discovery and

1

production of documents has, for the most part, been concluded and the depositions of the Plaintiff's President, Secretary and Operations Manager have been concluded and Bolivar's officials' depositions are scheduled for March 5, 2008.

3.      That following a hearing on Hill's Motion for Court Ordered Mediation, Chancellor William Cole entered an Order granting the Motion and entered a Scheduling Order setting a deadline for the mediation after the hearing of all dispositive motions on May 28, 2008, attached as Exhibits 2 and 3 being a true and correct copy of said Orders entered on January 25, 2008.

4.      The issue before the Chancery Court of Hardeman County, Tennessee is the determination of which party is responsible for submitting an incorrect VIN number on the truck involved in the loss of cargo insured by Fortis, and/or the party that failed to correct the VIN number upon notification.

5.      That Hill is virtually a "Mom & Pop" operation consisting of Mr. Hill, his son and three other drivers, with Mrs. Hill and daughter, Vicki, running the business out of their home. The obligation to proceed in the New York lawsuit on top of going forward in Tennessee presents an almost impossible burden on this small company.

6.      That prior to filing the Motion before the Court, the Affiant sought the consent for a stay of this action from all parties. The named Defendants and Cross-Defendant, Bolivar, have agreed to join in the Motion to Stay. Fortis Corporate Insurance and Canal Insurance Co. have declined to join in the Motion.

7.      That mediation is the quickest, most economical and expeditious way to dispose of the contested issues in the Tennessee lawsuit and its resolution will result in the termination of the action pending in the U.S. District Court of New York.

Dated this _____6th_____ day of February, 2008.

_____
ROBERT L. GREEN   (TN Bar # 007849)


SWORN TO AND SUBSCRIBED before me this the _6th_ day of February, 2008.

_____
NOTARY PUBLIC

My Commission Expires:

MY COMMISSION EXPIRES 2/23/2011
_____

## IN THE CHANCERY COURT FOR HARDEMAN COUNTY, TENNESSEE
## FOR THE TWENTY-FIFTH JUDICIAL DISTRICT AT BOLIVAR

HILL'S TRUCKING, INC.,

     Plaintiff,

VS.

                                 NO. 16219

CANAL INSURANCE COMPANY, GREENWICH          **JURY DEMANDED**
TRANSPORTATION UNDERWRITERS, INC. and
BOLIVAR INSURANCE AND REAL ESTATE
AGENCY, INC.,

     Defendants.

### COMPLAINT

COMES NOW the Plaintiff, Hill's Trucking, Inc. (hereinafter "Hill"), and for its complaint against Defendants says:

    1.    Hill is a duly organized and existing domestic corporation under the laws of the State of Tennessee with its principal place of business in Grand Junction, Hardeman County, Tennessee.

    2.    The Defendant, Canal Insurance Company (hereinafter "Canal") is a foreign corporation organized and existing under the laws of the State of South Carolina with its principal place of business in Greenville, Greenville County, South Carolina.

    3.    The Defendant, Greenwich Transportation Underwriters, Inc. (hereinafter "G.T.U.") is a domestic corporation organized and existing under the laws of the State of Tennessee with its principal place of business in Nashville, Davidson County, Tennessee.

26442

1



4.    The Defendant, Bolivar Insurance and Real Estate Agency, Inc. (hereinafter "Bolivar") is a domestic corporation organized and existing under the laws of the State of Tennessee with its principal place of business in Bolivar, Hardeman County, Tennessee.

5.    That Hill is and was at all times pertinent a common carrier of merchandise for hire in interstate commerce.

6.    That Hill insured its operation as a common carrier of cargo through the Defendant, Canal, under policy number Motor Truck Cargo (MTC) 339421 with the coverage period being from June 29, 2005 through June 29, 2006.

7.    That Hill's coverage under its policy with Canal was written through the Defendants, Bolivar and G.T.U.

8.    That on or about September 29, 2006 the Plaintiff contracted with Total Quality Logistics to transport cargo owned by Empire Resources, Inc. and located at the Southern Worldwide Logistics, 9649 W. Wingfoot, Houston, Texas 77041 to the Trident Company, 405 N. Plano Road, Richardson, Texas 75085.

9.    That this cargo consisted of five (5) coils of aluminum weighing approximately 44,881 lbs. and having a value of less than $75,000.

10.    On or about October 1, 2006, while said cargo was in the custody of Hill, the tractor, trailer and cargo was stolen. The tractor (VIN FUYDXYB7YLF17100) was recovered. The trailer and aluminum was not recovered.

11.    That this loss was timely reported through the Defendants, G.T.U. and Bolivar, to Canal but Canal has refused to provide coverage.

26442

12.     Truck (tractor) with VIN FUYDXYB7YLF17100 was originally added to Canal's policy number MTC089804 by Change of Vehicle Endorsement with an effective date of January 4, 2006. See attached Exhibits 1 and 2.

13.     Policy number MTC089804 expired on June 29, 2006 and was replaced by Canal's policy number MTC339421 effective June 29, 2006 to June 29, 2007.

14.     At the time the Canal policy was renewed (June 29, 2006) Hill supplied Bolivar with the Vehicle Identification Number of the four (4) tractors owned by Hill on the date the application for renewal was submitted, including tractor number FUYDXYB7YLF17100.

15.     When Bolivar received from G.T.U. the new policy, MTC339421, it noted that tractor number FUYDXYB7YLF17100 was not listed on the policy but that a vehicle with VIN FUYDXY137YLF17777 was listed. Hill asserts that it provided Bolivar with the correct VINs of all of its trucks/tractors and that either Bolivar transmitted the incorrect VIN or G.T.U. mistranscribed the VIN and had the policy issued showing VIN FUYDXYB7YLF17777 instead of VIN FUYDXYB7YLF17100 which was the correct VIN on the tractor which was added on January 4, 2006 and which had never been deleted. See attached Exhibit 3.

16.     Bolivar brought this mistake to the attention of G.T.U. through an email messages sent on July 12, 2006 and a correction was requested. See attached Exhibit 4.

17.     On August 8, 2006 G.T.U. sent a request to Bolivar for a verification of the VIN's on Hill's tractors "due to incomplete or incorrect VIN". Bolivar sent the requested information to G.T.U. on August 12, 2006. G.T.U. never requested any follow up data or information. G.T.U. failed to take any steps to correct the policy to reflect the actual VIN on the subject tractor. See attached Exhibit 5.

26442

18.    That Canal's failure to provide the coverage provided by its policy has resulted in Hill being named as a party defendant and cross-defendant in the United States District Court for the Southern District of New York and to incur additional expenses and attorney fees to defend that lawsuit.

19.    That Canal has denied coverage contending that the tractor (and trailer) involved was not a listed vehicle on the policy despite two specific written communications dated July 12, 2006 and August 12, 2006 setting forth the Vehicle Identification Number (VIN) on the 2000 Freightliner which communications were sent by and between Bolivar and G.T.U..

20.    That the denial of coverage by Canal is not justified under the facts and was not made in good faith, and is a violation of the fiduciary duty it owes to the Plaintiff as a premium paying insured.

21.    That as a result of Canal's bad faith in refusing to provide the coverage to Hill as provided for in the contract existing between these parties, Hill has suffered additional expenses, loss of time in dealing with claims made against it as well as court costs and attorney fees.

22.    That Hill asserts that it is entitled to recover, in addition to the loss incurred and interest, an additional twenty-five (25%) percent of such sum pursuant to T.C.A. §56-7-105(a).

23.    That Hill assert that Canal's refusal to provided coverage and its refusal to pay for the lost cargo is vexations and without reasonable cause and entitles it to recover attorney fees as provided for in T.C.A. §56-7-105(b).

24.    That Hill charges and avers that Canal acted unfairly and was deceptive in its refusal to provide coverage under its policy of insurance with the Plaintiff and therefore its in violation of the provisions of the Consumers Protection Act, T.C.A. §47-18-109 and therefore

4

26442

asserts that it is entitled to reasonable attorney fees, expenses and an award of three (3) times the actual damages sustained.

PREMISES CONSIDERED, Plaintiff, Hill's Trucking, Inc., prays:

1.    That proper process issue and be served upon the Defendants and that the Defendants be required to properly respond or a default judgment be entered against them.

2.    That at the trial of this case the Plaintiff be granted a judgment against the Defendants jointly and/or severally for the sum of $90,000.

3.    That in addition the Plaintiff demands from Canal, pursuant to T.C.A. §56-7-105(a) and 56-7-105(b) the statutory penalty of twenty-five (25%) percent of the loss incurred and interest and reasonable attorney fees.

4.    That in addition the Plaintiff demands from Canal treble damages and reasonable attorney fees for its violation of T.C.A. §47-18-109.

5.    For such further relief as the Court deem appropriate under the circumstances.

Respectfully Submitted,


_____
RUSSELL X. THOMPSON   (#008119)
5100 Poplar Avenue, Suite 2700
Memphis, Tennessee 38137
(901) 322-6013


_____
ROBERT L. GREEN   (#007849)
Allen, Summers, Simpson, Lillie & Gresham, PLLC
80 Monroe Avenue, Suite 650
Memphis, Tennessee 38103
(901) 763-4200

ATTORNEYS FOR PLAINTIFFS

5

26442

P.O.    49 — PH (901) 658-3411
BOLIVAR, TENNESSEE 38008

DATE: 1/4/06

REGARDING: Hill's Trucking, Inc.    Pol. BA0687902

Please add a 2000 Freightliner Serial #1FUYDXYB7YLF17100   Value 15,000.

No Lein.

Thanks,

RECEIVED
JAN 3 0 2006
GTU

**EXHIBIT**

*1*

# Change of Vehicle Endorsement - Cargo

It is agreed that policy to which this endorsement is attached is amended
(1) to EXCLUDE coverage on the following described vehicle(s).

| Vehicle # | Year/ Trade Name/Model/ Body Type | Motor Vehicle Identification # | Annual Premium |
|---|---|---|---|
| | | | |

(2) to INCLUDE coverage on the following described vehicle(s) or location(s).

| Vehicle # | Year/Trade Name/Model/Body Type / Motor Vehicle Identification #(VIN) | Limit of Liability | Annual Premium |
|---|---|---|---|
| 9 | 2000 FREIGHTLINER 1FUYDXYB7YLF17100 | 100,000.00 | 925.00 |

PR 0.482

ADDITIONAL PREMIUM: 446.00          RETURN PREMIUM: _____

Breakdown for policies under installment premium payment plan:

DOWNPAYMENT _____          ESCROW DEPOSIT _____

The remaining _____ installments due will change by _____ from _____

to _____ beginning with the Installment due _____

Policy Number  MTC089804     Endorsement Effective Time 12:01 AM _____     Endorsement Effective Date  01/04/2006

Insured  HILL'S TRUCKING, INC.          Expiration Date  06/29/2006

Issue Date  02/08/2006  Authorized Signature _____

GREENWICH TRANSPORTATION UNDERWRITERS

## ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

# Canal Insurance Company

Greenville, South Carolina                    (Rev. 10-1997)

Form E-3C

**EXHIBIT**
**2**

414703311

154007760

MOTOR TRUCK CARGO | **Canal Insurance Company** | MTC339421
BOX 7 · GREENVILLE, SOUTH CAROLINA 29602

BUILDING MATERIALS (200)

Consecutive Year
C089804    [X] SEE LIST FILED IN RECORD

Surcharge _____    Class _____    Radius _____

Insured's Phone:    7317642908
Insured's ID:    PROVIDED

M
T
C
3
3
9
4
2
1
·

1. **Named Insured and Address**
HILL'S TRUCKING, INC.
2305 HWY. 57
GRAND JUNCTION, TN 38039 [HARDEMAN county]

BOLIVAR INSURANCE
800 WEST MARKET STREET
BOLIVAR, TN 38008
Producer Code: 668    Comm. _____
Retern in Record

2. **Policy Period:    12 months**
From  6/29/2006 To 6/29/2007
12:01 A.M., standard time at the address of the named insured as stated herein.

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

(1) **Description of Scheduled Vehicles:**

| AUTO No. | Limit of Liability | Year Make Model | Vehicle Identification No.; Serial No.; Motor No. |
|---|---|---|---|
| 1 | 100,000.00 | 1988 PETERBILT | 1XP5DB9X3JN263477 |
| 2 | 100,000.00 | 1986 PETERBILT | 1XPCDB9X4TN381226 |
| 3 | 100,000.00 | 2000 FREIGHTLINER | 1FUYDXB0YLF17097 |
| 4 | 100,000.00 | 2000 FREIGHTLINER | 1FUYDXYB1YLF17777 |
|   |   |   | 9    17100 |

(2) **Description of Scheduled Locations:**

| LOC No. | Limit of Liability | Location Address | City, State, Zip |
|---|---|---|---|
|  | NOT COVERED |  |  |

|  | Limit of Liability | Reporting Adjustment Period: |
|---|---|---|
| (3) **Unscheduled Vehicles:** | $  NOT COVERED | [ ] Monthly  [ ] Quarterly  [ ] Annually |

**Catastrophe Limit:**  $  200,000.00

(4) **Refrigeration Breakdown Coverage:**  [ ] Included    See Refrigeration Breakdown Coverage Endorsement CGO579

(5) **Special Conditions and Limitations:** The following items apply only if designated by an X in the box next to it.  See Cargo Supplemental Endorsement CGO571.

[ ] Attended Vehicle    [X] Locked Vehicle    [X] Coinsurance    [X] Commodities Theft Limitations

(6) **Deductible:**  Cargo: $  1,000.00    Refrigeration Breakdown: $  N/A

(7) **Premium:**  Rate: $  925.00 per vehicle    Premium: $  3,700.00

Form numbers of endorsements    IL91CW0106 (1-08) E-1 (12-91) CGO500J (4-03) CGO501 (5-05) CGO571
attached to policy at issue:    (11-04) Form I (4-93) TN-1 (1-96) . Info Notice: D-101 CL (1-03)

Countersigned:    220 25th Ave N., Suite 100
Nashville, TN 37203  6/28/2006

By _____  Authorized Representative
GREENWICH TRANSPORTATION UNDERWRITERS
Producer's Copy    GF/GC  00/28/06  IN HOUSE

CGO500 (11-2004)

414703944

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

EXHIBIT
3

This fax was sent with GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

154007757

# ENDORSEMENT

## GENERAL CHANGE

IT IS HEREBY UNDERSTOOD AND AGREED THAT INSURED NAME AND / OR ADDRESS IS AMENDED TO READ AS FOLLOWS:

FROM:
HILL'S TRUCKING, INC.
2305 HWY, 57
GRAND JUNCTION, TN 38039
COUNTY OF HARDEMAN
INSIDE CITY = N/A

TO:
HILL'S TRUCKING, INC.
2305 US HWY. 57 EAST
GRAND JUNCTION, TN 38039
COUNTY OF HARDEMAN
INSIDE CITY = N/A

Policy Number __MTC339421__ Endorsement Effective Time 12:01 AM _____ Endorsement Effective Date __06/29/2006__

Insured __HILL'S TRUCKING, INC.__ Expiration Date __06/29/2007__

Issue Date __06/30/2006__ Authorized Signature _____ GREENWICH TRANSPORTATION UNDERWRITERS

## ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

# Canal Insurance Company

Greenville, South Carolina

(Rev. 12-1991)

Form E-1

414703549

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

This fax was sent with GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

From: 7316__ 778     Page: 5/18     Date: 1/11/2007 12:44:29 PM

154007760

# ENDORSEMENT

## GENERAL CHANGE

IN CONSIDERATION OF THE PREMIUM CHARGED, IT IS HEREBY UNDERSTOOD AND AGREED THAT THE COMMODITY BEING HAULED BY THE NAMED INSURED IS AMENDED TO READ BUILDING MATERIALS, FIBERGLASS AND STEEL IN LIEU OF AS WRITTEN.

Policy Number __MTC339421__  Endorsement Effective Time 12:01 AM _____  Endorsement Effective Date __06/29/2006__

Insured __HILL'S TRUCKING, INC._____  Expiration Date __06/29/2007__

Issue Date __08/28/2006__ Authorized Signature _____ GREENWICH TRANSPORTATION UNDERWRITERS _____

## ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

## Canal Insurance Company

Greenville, South Carolina                                      (Rev. 12-1991)

Form E-1

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

This fax was sent with GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

154007760

# CANAL

**CARRIERS**
Broad Form Cargo Coverage
Scheduled Vehicle Form

Throughout this policy, the terms *you* and *your* pertain to the named insured provided in the Declarations. The terms *we*, *us* and *our*, pertain to the insurance company.  Terms in italics throughout this form are further defined in Part VI of this form.

**I.    COVERAGE**

We will pay for direct physical accidental loss from any covered causes of loss to covered cargo.

**A.    Covered Causes of Loss**

Covered causes of loss means loss for which you are legally liable while cargo is in your care, custody or control as a carrier.  Losses caused by or resulting in or from excluded causes of loss in Section II are not covered by this insurance policy.

**B.    Covered Cargo**

Covered cargo means cargo of others in transit under one of the following written documents issued by you: bill of lading, tariff or shipping receipt.  The cargo must be on a scheduled vehicle, or in the actual process of being loaded or unloaded by the insured within fifty (50) feet of the scheduled vehicle, or at a scheduled location.

**C.    Cargo Not Covered**

Covered cargo does not include:

1. Contraband or cargo illegally being transported.
2. Explosives, fireworks or radioactive material.
3. Securities or evidences of debt.
4. Money, currency, gold or silver bullion or platinum.
5. Precious stones, jewelry or similar valuables.
6. Animals, unless death results or is made necessary within twenty-four (24) hours by a loss not otherwise excluded.
7. Cargo on a scheduled vehicle at any location for more than seventy-two (72) hours from the time the scheduled vehicle arrived at that location.
8. Cargo at a scheduled location for more than thirty (30) days from the time the cargo arrived at the scheduled location.

**D.    Extensions of Coverage**

1. **Freight Charges**

   We will pay the earned freight charges you are unable to collect as a result of a covered cause of loss. The most we will pay in any one occurrence is $1,000.  This limit is in addition to the Limit of Liability shown on the Declarations Page.

2. **Debris Removal**

   We will pay your expense to remove the debris of covered cargo as a result of a covered cause of loss. The most we will pay in any one occurrence is $1,000.  However, in no event will our payments for debris removal exceed the value of the cargo being hauled.This limit is in addition to the Limit of Liability shown on the Declarations Page.

3. **Sue & Labor**

   We will reimburse reasonable and necessary expenses you incur solely to save and protect covered cargo from imminent loss. The most we will pay in any one occurrence is $5,000.  This limit is in addition to the Limit of Liability shown on the Declarations Page.

**II.    EXCLUSIONS**

**A.**    We will not pay for loss caused directly or indirectly, or in whole or in part,  by any of the following, or which results in or from any of the following:

1. Loss of use or loss of market.
2. Delay, whether or not the delay is caused by a covered cause of loss.
3. Breakdown or malfunction of refrigeration equipment or its associated component parts including ductwork.
4. Abandonment of covered cargo.
5. Dishonest acts by you, anyone else with a financial interest in the cargo, your or their employees or authorized representatives or anyone else entrusted with the cargo, whether acting alone or in collusion with other persons, whether occurring during the hours of employment or otherwise.
6. Your neglect to use all reasonable means to save and preserve the cargo at the time of and after any covered cause of loss.
7. Water damage, rust, or warpage unless loss is caused by or results from fire, lightning, or explosion, collision, overturn, or flood, meaning the rising of any natural body of water.
8. Failure to maintain proper temperature unless the failure is caused by or results from fire, lightning, explosion, collision, overturn of a scheduled vehicle, or flood, meaning the rising of any natural body of water.

Form CGO501    Page 1 of 2    (Rev. 6-2005)

414703844

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

This fax was sent with GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

154007780

9.  Liability assumed under a written or oral contract beyond that imposed by law on a common carrier for hire.

B.  We will not pay for *loss* caused directly or indirectly by any of the causes listed below. Such *losses* are excluded regardless of any other cause or event that contributes concurrently or in any sequence to the *loss!*

1.  War and military action.
    (a)  War, including undeclared or civil war.
    (b)  Warlike action by a military force, including action in hindering or defending against an actual or expected attack by any government sovereign or other authority using military personnel or other agents.
    (c)  Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

2.  Nuclear Hazard
    (a)  Any weapon employing atomic fission or fusion.
    (b)  Nuclear reaction or radiation or radioactive contamination from any other cause.

3.  Governmental action destruction or seizure of property by order of governmental authority. But we will pay for *loss* made necessary by acts of destruction ordered by governmental authority and taken at the time of a fire to prevent its spread if the fire would be covered under this coverage form.

III.  **DEDUCTIBLE**

We will not pay for *loss* in any one occurrence until the amount of the adjusted *loss* exceeds the deductible amount shown on the Declarations Page. We will then pay the amount of the adjusted *loss* in excess of the deductible up to the applicable Limit of Liability.

IV.  **LIMIT OF LIABILITY**

The most we will pay in any one occurrence for *loss* to cargo:
    1.  on a *scheduled vehicle* is the Limit of Liability for that *scheduled vehicle* shown on the Declarations Page;
    2.  at a *scheduled location* is the Limit of Liability for that *scheduled location* shown on the Declarations Page;
    3.  on an owned newly *acquired vehicle* is the lowest limit for any *scheduled vehicle* shown on the Declarations Page (any newly *acquired vehicle* designated or described on the Schedule will be considered a covered vehicle you own and not a covered vehicle you hire, borrow or *lease*);

but no more than the *Catastrophe Limit* shown on the Declarations Page.

V.  **OTHER TERMS**

In addition to the conditions shown on CGO500J, the following terms apply to this policy:

A.  Territory: Covered Cargo only while located in the United States of America and Canada.

B.  Fines, Assessment or Penalties
    We will not pay any costs, penalties, or punitive damages as a result of your violation of any law or regulation.

C.  Filing Reimbursement
    You must reimburse us for any payment we make solely because of a federal, state or provincial filing we have made under the policy on your behalf. Reimbursement must be made within fourteen (14) days of our notice to you.

VI.  **DEFINITIONS**

A.  *Loss* means direct physical accidental loss or damage.

B.  *Scheduled vehicle* means a vehicle listed on the Declarations Page as a *scheduled vehicle*.
    *Scheduled vehicle* also means:
    1.  A vehicle which permanently replaces one listed. You must report the change to us within thirty (30) days.
    2.  A temporary non-owned substitute for a disabled *scheduled vehicle* but only for the first thirty (30) days of substitution.
    3.  An owned additional newly *acquired vehicle*. Premium will be charged from the date of acquisition.
    4.  Any trailer while physically attached by the insured or the insured's authorized representative to a *scheduled vehicle*.

C.  *Scheduled location* means the physical location as described on the Declarations Page.

D.  The *Catastrophe Limit* is the most we will pay for any one event or continuing events resulting in loss to Covered Cargo regardless of the number of *scheduled vehicles* or *scheduled locations* involved.

E.  *Lease* refers to a motor vehicle that is titled in the name of a leasing company but operated by the named insured (the lessee) for a specified period and lease payment.

F.  Newly *acquired vehicle* means an owned motor vehicle titled to the named insured and reported to us within 30 days of acquisition.

Please note:
Some provisions in this policy restrict coverage. Be sure and read the entire policy to determine your rights and duties, plus what is and is not covered.

Page 2 of 2      (Rev. 5-2005)

Form CGO501                                                                                            414703544

From: 73169     78     Page: 8/18     Date: 1/11/2007 12:44:30 PM

154007780

# CANAL

## CLAIMS REPORTING INFORMATION NOTICE

# 800-452-6911

### Online Claim reporting is also available at www.canal-ins.com

**To All Canal Insureds:**

Many accidents result in damages which require immediate attention in order to prevent further loss. When a serious bodily injury, a hazardous spill which may impact the environment or damage to perishable cargo has occurred, please call the Canal Claims Reporting number listed above as soon as possible to report the claim.

When reporting a loss, please be prepared to give the following information:

* Insured name, driver and policy number
* Insured Vehicle Information (make, model and VIN)
* Exact location of the occurrence
* Description of the occurrence
* Type of loss and any environment affected
* Other persons or vehicles involved
* A contact number for someone at the scene

Please communicate these procedures to all drivers and claim reporting personnel. We appreciate your business and assistance in providing prompt notice of accidents.

(Rev. 1-2003)

D-101 CL

414703544

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

This fax was sent with GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

From: 7316    /8    Page: 9/18    Date: 1/11/2007 12:44:30 PM

154007760

CARGO SUPPLEMENTAL
ENDORSEMENT

# CANAL

This endorsement modifies insurance coverage under this policy. Only those items designated in the Special Conditions and Limitations section on the Declarations Page apply.

**I.   ATTENDED VEHICLE**
We will not be liable for *loss* to Covered Cargo caused by theft from a *scheduled vehicle*, or an unscheduled vehicle on a reporting form policy, unless you or an employee or other person whose only duty is to attend the vehicle is actually in or upon the vehicle. This limitation does not apply to vehicles while at a *scheduled location*.

**II.   LOCKED VEHICLE**
We will not be liable for *loss* to Covered Cargo caused by theft from a *scheduled vehicle*, or an unscheduled vehicle on a reporting form policy, unless at the time of the theft the windows, doors and compartments of the vehicle and the trailer or container, if applicable, were closed and locked and there are visible signs that the theft was the result of forced entry.

We will not be liable for *loss* to Covered Cargo caused by theft from a *scheduled location* unless at the time of the theft the windows, doors and compartments of the vehicle, trailer, container or building containing the cargo were closed and locked and there are visible signs that the theft was the result of forced entry.

**III.   COMMODITIES THEFT LIMITATION**
In the event of *loss* to Covered Cargo caused by theft of the following commodities either from a *scheduled vehicle*, an unscheduled vehicle on a reporting form policy, or a *scheduled location*, we will not be liable for more than 10% of the limit of insurance applying to that vehicle or *scheduled location*:

    A.   Cigarettes, cigars, or other finished tobacco products.
    B.   Drugs and pharmaceutical products.
    C.   Furs or garments trimmed with fur.
    D.   Liquors or beverages exceeding 10% alcohol content.
    E.   Radio, photographic, electronic or communications equipment, including, but not limited to, computers, computer parts and accessories, software, compact and digital discs, video tapes, video and digital games, and video and sound playing and recording equipment.
    F.   Copper and copper products, precious metals and alloys.

**IV.   COINSURANCE**
You must carry sufficient insurance in order to receive full payment for a *loss*. We will not pay you more of any loss than the percentage obtained by dividing the applicable Limit of Liability as shown on the Declarations Page by 90% of the total value of property on the scheduled vehicle involved in the *loss*, or on an unscheduled vehicle on a reporting form policy, at the time of the *loss*. In no event, however, will our payment exceed the applicable Limit of Liability as shown on the Declarations Page.

All other terms, conditions, and limitations of the policy remain unchanged.

(Rev. 11-2004)

Form CGO571

414703544

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

This fax was sent with GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

154007760

# FORM I

## UNIFORM MOTOR CARRIER CARGO
## INSURANCE ENDORSEMENT

It is agreed that:

1. The certification of the policy, as proof of financial responsibility under the provisions of any State motor carrier law or regulations promulgated by any State Commission having jurisdiction with respect thereto, amends the policy to provide insurance for motor carrier cargo liability in accordance with the provisions of such law or regulations to the extent of the coverage and limits of liability required thereby; provided only that the insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except by reason of the obligation assumed in making such certification.

2. The Uniform Motor Carrier Cargo Certificate of Insurance has been filed with the State Commissions indicated below hereof.

3. This endorsement may not be canceled without cancellation of the policy to which it is attached. Such cancellation may be effected by the company or the insured giving thirty (30) days' notice in writing to the State Commission with which such certificate has been filed, such thirty (30) days' notice to commence to run from the date the notice is actually received in the office of such Commission.

Attached to and forming part of Policy No. _____ **MTC339421** _____

Issued by _____ Canal Insurance Company _____ , herein called

Company, of _____ Greenville, South Carolina _____

to _____ HILL'S TRUCKING, INC. _____

of _____ 2305 HWY. 57 GRAND JUNCTION, TN 38039 _____

Dated at _____ Nashville, TN 37203 _____  this  28th  day of  June  20  06

Countersigned by  GREENWICH TRANSPORTATION UNDERWRITERS

Authorized Representative

| X -- INDICATES STATE COMMISSIONS WITH WHOM UNIFORM MOTOR CARRIER BODILY INJURY AND PROPERTY DAMAGE LIABILITY CERTIFICATE OF INSURANCE HAS BEEN FILED. | | | | |
|---|---|---|---|---|
| ALABAMA | HAWAII | MICHIGAN | NORTH CAROLINA | UTAH |
| ALASKA | IDAHO | MINNESOTA | NORTH DAKOTA | VERMONT |
| ARIZONA | ILLINOIS | MISSISSIPPI | OHIO | VIRGINIA |
| ARKANSAS | INDIANA | MISSOURI | OKLAHOMA | WASHINGTON |
| CALIFORNIA | IOWA | MONTANA | OREGON | WEST VIRGINIA |
| COLORADO | KANSAS | NEBRASKA | PENNSYLVANIA | WISCONSIN |
| CONNECTICUT | KENTUCKY | NEVADA | RHODE ISLAND | WYOMING |
| DELAWARE | LOUISIANA | NEW HAMPSHIRE | SOUTH CAROLINA | ICC - MC277759 |
| DISTRICT OF COLUMBIA | MAINE | NEW JERSEY | SOUTH DAKOTA | E-103 |
| FLORIDA | MARYLAND | NEW MEXICO | TENNESSEE  X | |
| GEORGIA | MASSACHUSETTS | NEW YORK | TEXAS | |

MC 2441 (Ed. 6-88) U.P. & S.

(Rev. 4-93)

414700544

# CARGO
## Inland Marine
## General Conditions

Throughout this policy, the terms you and your pertain to the named insured provided in the Declarations. The terms we, us and our, pertain to the insurance company. Terms in *italics* are further defined throughout this policy.

All coverage parts included in this policy are subject to the following conditions:

**I.  CANCELLATION**

A.   You may cancel this policy by mailing or delivering to us advance written notice of cancellation.

B.   We may cancel this policy by mailing or delivering to you written notice of cancellation at least ten (10) days before the effective date of cancellation.

C.   We will mail or deliver our notice to your last mailing address known by us.

D.   Our notice of cancellation will state the effective date of cancellation. Your coverage will end on that date.

E.   If we cancel, the refund of premium will be pro-rata. If you cancel, the refund will be in accordance with the short rate cancellation table shown in this policy. Cancellation will be effective even if we have not made or offered a refund. Cancellation for non-payment of premium shall be considered cancellation at your request.

F.   Proof of mailing will be sufficient proof of notice.

**II.  AUDIT OF RECORDS**
We may audit or examine your books or records as they relate to this policy at any time during the policy period and up to three (3) years afterwards.

**III.  INSPECTIONS**
We have the right but are not obligated to make inspections at any time. This condition applies not only to us but also to any rate service, advisory or similar organization which makes insurance inspections, reports or recommendations.

**IV.  CHANGES**
This policy contains all the agreements between you and us concerning this insurance. This policy's terms and conditions can be amended or changed only by endorsement issued by us and made part of the policy.

**V.  TRANSFER OF YOUR RIGHTS AND DUTIES**
Under this policy your rights and duties may not be transferred to anyone else without our written consent except in the case of your death. If you die your rights and duties will be transferred to your legal representative but only while acting in the scope as your legal representative.

**VI.  LOSS CONDITIONS**

A.   **Abandonment**
There can be no abandonment of any property to us.

B.   **Your duties in the event of *loss*.**
You must see that the following are done in the event of *loss*:
1.   You must give us immediate notice of the *loss* including a description of the cargo, and a description of how, when and where the *loss* occurred.
2.   You must notify the police if a law may have been broken.
3.   You must take reasonable steps to protect the cargo from further damage. With regard to animals, we will not pay for expenses incurred after seventy-two (72) hours from the date of *loss*. You should keep a record of your expenses for consideration in the settlement of the claim.
4.   You must permit us to inspect the cargo and records proving *loss*.
5.   You must make no statement that will assume obligation or admit any liability concerning the cargo *loss* without our consent.
6.   If requested, you must permit us to question you under oath about any matter relating to your claim or this insurance, including your books and records. You must sign your answers.

Form CGO500J                          Page 1 of 2                          (Rev. 4-2003)

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

This fax was sent with GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

From: 7316550.78     Page: 12/18     Date: 1/11/2007 12:44:31 PM

7.  You must send us a signed, sworn statement of *loss* containing information WE REQUEST within sixty (60) days after our request. We will supply you with necessary forms.
8.  You must cooperate with us in the investigation or settlement of any claim.
9.  You must promptly send us any legal notices you receive concerning *loss* to cargo.

**C.  Loss Payment**
We will pay any *loss* covered within thirty (30) days after we reach agreement with you or the entry of a final judgment. We will not be liable for any part of a *loss* that has been paid by others.

**D.  Other Insurance**
If you have other insurance covering the same *loss* as this insurance we will pay only excess over what you should have received from the other insurance. We will pay the excess whether you can collect on the other insurance or not.

**E.  Pair, Sets or Parts**
1.  In case of *loss* to any part of a pair or set, we may repair or replace any part to restore the pair or set to its value before the *loss* or pay the difference between the value of the pair or set before and after the *loss*.
2.  In case of *loss* to any part of covered cargo consisting of several parts when complete, we will only pay for the value of the lost or damaged part.

**F.  Privilege to Adjust With Owner**
In the event of *loss* involving cargo of others in your care, custody or control, we have the right to:
1.  Settle the *loss* with the owners of the cargo. A receipt for payment from the owners of that cargo will satisfy any claim of yours.
2.  Provide a defense for legal proceedings brought against you. If we provide defense, the legal expense will be at our cost and will not reduce the applicable limit of insurance of this policy.

**G.  Recoveries**
Any recovery of salvage on a *loss* will accrue entirely to our benefit until the sum paid by us has been recovered.

**H.  Subrogation And Rights Of Recoveries Against Others**
If any person, organization, company or corporation to or for whom we make payment of claim under this policy has rights to recover damages from another party or parties, those rights are transferred to us. That person, organization, company or corporation must do everything necessary to secure our rights and must do nothing after the *loss* to impair them.

**VII.  OTHER CONDITIONS**

**A.  No Benefit to Bailee**
No person or organization, other than you, having custody of the cargo, will benefit from this insurance.

**B.  Policy Period**
We cover *loss* to cargo commencing during the policy period shown on the Declarations Page.

**C.  Legal Action**
No one may bring legal action against us unless the terms of this coverage have been complied with and the action is brought within two (2) years after you first have knowledge of the *loss*.

**D.  Concealment, Fraud or Misrepresentation**
This coverage is void in any case of fraud, intentional concealment, or misrepresentation of a material fact by you or any other party at any time as respects the coverage, the cargo, your interest in the cargo or a claim under the policy.

Your policy has been signed below on our behalf by our President and by our Secretary. However, your policy will not be binding on us unless it is also countersigned by one of our duly authorized agents.

_Signed at by our Secretary. However your policy will not be._

_Secretary_          _President_

CGO5000J                  Page 2 of 2                  (Rev. 4-2003)

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

This fax was sent with GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

11/20/2006 09:08   7316583778                    BOLIVAR INSURANCE RE        PAGE  01

GTU                                      *Bolivar Insurance & Real Estate Agency, Inc.*

800 W. MARKET ST.
P. O. BOX 149 — PH. (901) 658-3011
BOLIVAR, TENNESSEE 38008

| REGARDING: | Hill's Trucking, Inc. | Pol. BA 0687968 | DATE: | 7/12/2006 |

Please correct # 2 the 2000 Freightliner Serial # to read 1FUTDXYB1-
YLF17100.

EXHIBIT

4

164007872

ISSUE DATE:   8/8/2006

TO:   BOLIVAR INSURANCE

FM:   GREENWICH TRANSPORTATION UNDERWRITERS - ZV

RE:   CANAL POLICIES ENCLOSED

PLEASE REPLY TO ANY FOLLOW UP NEEDED.

| POLICY # | INSURED NAME | FOLLOW UP NEEDED |
|---|---|---|
| C339421 | HILL'S TRUCKING, INC. | Due to incomplete or incorrect VIN, please verify the VIN on the following vehicles: 5. |

8-12-06

2000 Freightliner       Serial #  1FUYDXYB0YLF17097
2000 Freightliner         "      "  1FUYDXXB7YLF17100
1996 Peterbuilt           "      "  1XPCDB8XY TN 381226
1997 Peterbuilt           "      "  1XP5DB8X5VN436834
1993 Kenworth             "      "  1XKADRX7PS612633
1990 Peterbuilt           "      "  1XP5DB9XZLD284630

BOLIVAR INSURANCE
800 WEST MARKET STREET
BOLIVAR, TN 38008

EXHIBIT
5

414703592

07000/63542-RDT

## IN THE CHANCERY COURT FOR HARDEMAN COUNTY, TENNESSEE
## FOR THE TWENTY-FIFTH JUDICIAL DISTRICT AT BOLIVAR

HILL'S TRUCKING, INC.,                          )
                                                )
                    Plaintiff,                  )
                                                )
vs.                                             )        NO. 16219
                                                )        JURY DEMAND
CANAL INSURANCE COMPANY,                        )
GREENWICH TRANSPORTATION                        )        A TRUE COPY.
UNDERWRITERS, INC. and BOLIVAR                  )        ATTEST:
INSURANCE AND REAL ESTATE                       )        This the 25 day of January 2008
AGENCY, INC.,                                   )        Janice M. Bodiford
                                                )        Janice M. Bodiford, Clerk & Master
                    Defendants.                 )        of the Chancery Court
                                                         of Hardeman County, Tennessee

---

### ORDER OF REFERENCE

---

This matter came to be heard before the Hon. William Cole on January 23, 2008 upon Plaintiff's Motion for Rule 31 Court Ordered Mediation, statements of counsel, and the entire record in this cause from which the Court finds that the Motion is well taken and should be granted.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that this matter be referred to mediation in compliance with Supreme Court Rule 31.

ENTERED this 25th day of January, 2008.

_____
CHANCELLOR WILLIAM COLE

FILED Jan. 25 2008
at 12:45 o'clock, P .M.
JANICE M. BODIFORD
CLERK & MASTER
BY Janice M. Bodiford

**EXHIBIT**
**2**

07000/63542-RDT

APPROVED FOR ENTRY:

*[signature]*

RUSSELL X. THOMPSON, #008119
ROBERT L. GREEN, #007849
Attorneys for Plaintiff

*[signature]*

BARRY L. HOWARD, #005887
Attorney for Bolivar Insurance and Real
Estate Agency, Inc.

*[signature]*

R. DALE THOMAS, #013439
Attorney for Canal Insurance Company and
Greenwich Transportation Underwriters, Inc.

2

07000/63542-RDT

## IN THE CHANCERY COURT FOR HARDEMAN COUNTY, TENNESSEE
### FOR THE TWENTY-FIFTH JUDICIAL DISTRICT AT BOLIVAR

| | |
|---|---|
| HILL'S TRUCKING, INC., | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    NO. 16219 |
| | )    JURY DEMAND |
| CANAL INSURANCE COMPANY, | ) |
| GREENWICH TRANSPORTATION | ) |
| UNDERWRITERS, INC. and BOLIVAR | ) |
| INSURANCE AND REAL ESTATE | ) |
| AGENCY, INC., | ) |
| Defendants. | ) |

A TRUE COPY.
ATTEST:
This the 25 day of January, 20 08

Janice M. Bodiford, Clerk & Master
of the Chancery Court
of Hardeman County, Tennessee

---

### SCHEDULING ORDER

---

Pursuant to a Rule 16.01 Scheduling Conference held on January 23, 2008, the following dates are established as the deadlines for:

**DISCOVERY:**

**April 16, 2008; and**

**DISPOSITIVE MOTIONS:**

**May 28, 2008.**

After the hearing on dispositive motion(s), the Court will set a deadline for the Rule 31 Mediation ordered by the Court unless the matter is disposed of on summary judgment.

This Order has been entered after consultation with counsel for all parties. Absent good cause shown, the dates set by this Order will not be modified or extended.

IT IS SO ORDERED.

ENTERED this 25 day of January, 2008.

EXHIBIT
3

07000/63542-RDT

_____
CHANCELLOR WILLIAM COLE

APPROVED FOR ENTRY:

_____
_____
RUSSELL X. THOMPSON, #008119
ROBERT L. GREEN, #007849
Attorneys for Plaintiff

_____
BARRY L. HOWARD, #005887
Attorney for Bolivar Insurance and Real
Estate Agency, Inc.

_____
R. DALE THOMAS, #013439
Attorney for Canal Insurance Company and
Greenwich Transportation Underwriters, Inc.

FILED Jan. 25, 2008
at 12:45 o'clock, P .M.
JANICE M. BODIFORD
CLERK & MASTER
BY Janie M. Bodiford

2