BADIAK & WILL, LLP
Attorneys for Plaintiff
FORTIS CORPORATE INSURANCE
as subrogee of EMPIRE RESOURCES, INC.
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225
Our Ref. 07-E-002-RB/LS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

FORTIS CORPORATE INSURANCE as
subrogee of EMPIRE RESOURCES, INC.,

                        Plaintiff,                07 Civ. 3731 (VM)

    - against -                       **AFFIDAVIT IN**
                                         **<u>OPPOSITION</u>**

TOTAL QUALITY LOGISTICS, INC. and
HILL'S TRUCKING, INC.,

                        Defendants.
-----------------------------------------------------------X
TOTAL QUALITY LOGISTICS, INC.,

                        Third-Party Plaintiff,

    - against -

BOLIVAR INSURANCE AND REAL
ESTATE, INC. and CANAL INSURANCE CO.,

                        Third-Party Defendants.

-----------------------------------------------------------X

STATE OF NEW YORK    )
                          SS.:
COUNTY OF NASSAU    )

       LISA A. SCOGNAMILLO, being duly sworn, deposes and says:

       1. I am associated with the law firm BADIAK & WILL, LLP, attorneys for plaintiff

herein. I am fully familiar with the facts and proceedings of this matter. The basis of my knowledge is a review of the file maintained by my office.

2. I make this affidavit in opposition to the defendants' motion to stay this proceeding in deference to a Tennessee mediation.

3. In or about September, 2006, Empire Resources, Inc., plaintiff's subrogor, contracted with defendant Total Quality Logistics, Inc. ("TQL") to transport a shipment of aluminum coils.

4. TQL, in turn, contracted with defendant Hill's Trucking, Inc. ("Hill's) as the actual carrier to transport the shipment.

5. While the shipment was in the care, custody and control of Hill's, it was stolen and never recovered. These essential facts are admitted by Hill's in its complaint filed in the Tennessee action. See Exhibit 1 to the Affidavit of Robert L. Green dated Februrary 6, 2008 ("Green Aff.") submitted in support of the instant motion to stay litigation.

6. On or about January 16, 2007, my office filed a written claim for the stolen shipment with TQL. A true copy of the January 16, 2007 letter is annexed hereto as Exhibit 1.

7. On January 23, 2007, my office verbally settled this matter with Kim Kelly of TQL. This agreement was confirmed in a writing the same day. A true copy of the January 23, 2007 letter is annexed hereto as Exhibit 2.

8. Thereafter, TQL forwarded a document on its own letterhead entitled "Release and Assignment" for execution in connection with the settlement of this matter.

9. TQL's "Release and Assignment" was duly executed on Empire's behalf on February 8, 2007 and forwarded to TQL the same day. A true copy of the executed "Release and Assignment" and accompanying cover letter dated February 8, 2007 are annexed hereto as

Exhibit 3.

10.  When settlement funds were not forthcoming, my office sent a follow-up letter to TQL on March 12, 2007 referencing the parties' settlement agreement and duly executed "Release and Assignment." A true copy of this letter is annexed hereto as Exhibit 4.

11.  Receiving no response, my office sent a second follow-up letter on April 11, 2007 to TQL, again  referencing the parties' settlement agreement and duly executed "Release and Assignment" and further requesting the remittance of settlement funds to avoid litigation.  A true copy of the April 11, 2007 letter is annexed hereto as Exhibit 5.

12.  By letter dated April 11, 2007, TQL claimed, for the first time, that there was no settlement agreement and refused make payment on the cargo claim.  A true copy of TQL April 11, 2007 letter is annexed hereto as Exhibit 6.

13.  Upon information and belief, TQL reneged on its settlement agreement because Hill's refused or was unable to indemnify TQL.

14.  This action alleges causes of action for breach of contract (based upon the settlement agreement) and, alternatively, for the full amount of the lost cargo based upon the defendants' breaches of their obligations as common carriers and bailees of cargo, as well as a breach of contract for failure to deliver the cargo as agreed.

15.  As evidenced by Hill's submission (see Exhibit 1 to the Green Aff.), the complaint in the Tennessee action is *completely unrelated* to the issues before this honorable Court.  The issue before the Tennessee Court is one of insurance coverage and has absolutely nothing to do with the plaintiff herein.  Moreover, plaintiff herein is not a party to the Tennessee litigation.

16.  Subsequent to the filing of this action, sometime in the summer of 2007, our office

3

was requested by Robert Green, Hill's counsel in the Tennessee action, to hold off prosecuting this matter. We agreed and complied with this request for more than seven (7) months based upon Mr. Green's hopes that the Tennessee matter would be resolved quickly. A true copy of various messages exchange between Mr. Green's office and my office are annexed hereto as Exhibit 7.

17. Plaintiff has been more than generous and patient waiting for a resolution of the Tennessee matter and now wishes to proceed with this action and be fully reimbursed for its loss.

18. Counsel for defendants Hill's and TQL requested that plaintiff join in the current motion to stay this action in deference to the mediation in Tennessee. Plaintiff responded that it would consider such a request if the defendants would offer a written guarantee or commitment to honor the settlement agreement, regardless of the outcome of the coverage issue in the Tennessee mediation. Defense counsel declined to offer any such guarantee or commitment and plaintiff now seeks to proceed with a swift resolution of this proceeding.

19. For all the foregoing reasons, plaintiff respectfully requests that the defendants' motion to stay litigation in deference to the Tennessee mediation should be denied in its entirety.

LISA A. SCOGNAMILLO

Sworn to before me this
8ᵗʰ day of February, 2008

NOTARY PUBLIC

JAMES P. KRAUZLIS
Notary Public, State of New York
No. 02KR5051531
Qualified in Suffolk County
Commission Expires Nov. 6
1/11/2010

4

# EXHIBIT 1

## BADIAK & WILL, LLP

*Attorneys and Proctors in Admiralty*

ROMAN BADIAK
ALFRED J. WILL
PATRICK J. CORBETT
JAMES P. KRAUZLIS
LISA ANN SCOGNAMILLO

106 THIRD STREET
MINEOLA, NY 11501-4404
————
TELEPHONE: (516) 877-2225
TELEFAX: (516) 877-2230/2240
E-MAIL: ADMIRALAW@AOL.COM

FLORIDA OFFICE:
BADIAK, WILL & KALLEN
17071 WEST DIXIE HIGHWAY
NORTH MIAMI BEACH, FL 33160
————
JOHN D. KALLEN

January 16, 2007

Total Quality Logistics, Inc.
P.O. Box 799
Cincinnati, OH 45150

Attn:  Claim Department

RE:     Empire Resources, Inc. v. Hills Trucking, Inc.
        Theft of 5 Coils Aluminum
        October 1, 2006 – Katy, Texas
        Our Ref.:   07-E-002-RB

Gentlemen:

        We have been retained to effect recovery of the following claim and are enclosing the documents listed below:

<u>DAMAGES</u>:

5 Cases .125 "x48" x 5052 H32 – 44,881 lbs @ $3,108.00/ MT $63,404.61

        Your prompt investigation and payment of this claim will be appreciated.

                        Very truly yours,

                        BADIAK & WILL, LLP


                        ROMAN BADIAK

RB/kl
Enc.
Claim letter
Commercial letter
Packaging list
Police Report

# EXHIBIT 2

# BADIAK & WILL, LLP

*Attorneys and Proctors in Admiralty*

ROMAN BADIAK
ALFRED J. WILL
PATRICK J. CORBETT
JAMES P. KRAUZLIS
LISA ANN SCOGNAMILLO

106 THIRD STREET
MINEOLA, NY 11501-4404

———

TELEPHONE: (516) 877-2225
TELEFAX: (516) 877-2230/2240
E-MAIL: ADMIRALAW@AOL.COM

FLORIDA OFFICE:
BADIAK, WILL & KALLEN
17071 WEST DIXIE HIGHWAY
NORTH MIAMI BEACH, FL 33160

JOHN D. KALLEN

January 23, 2007

VIA TELEFAX ONLY 513-965-4742

Total Quality Logistics, Inc.
P.O. Box 799
Cincinnati, OH 45150

Attn:  Kim Kelly

RE:    Empire Resources, Inc. v. Hill's Trucking, Inc.
       Theft of 5 Coils Aluminum
       October 1, 2006 - Katy, Texas
       Our Ref.: 07-E-002-RB

Dear Ms. Kelly:

Further to our claim of January 16, 2007, we amend the caption to that letter as well as confirm our telephone conversation of January 23, 2007 in which you agreed to pay this claim in the amount of $63,404.61 in exchange for releases and assignments.

We thank you for your very kind cooperation in finalizing this matter.

Very truly yours,

BADIAK & WILL, LLP

ROMAN BADIAK

RB/lmw

# EXHIBIT 3

BADIAK & WILL, LLP

*Attorneys and Proctors in Admiralty*

**106 THIRD STREET**
**MINEOLA, NY 11501-4404**

ROMAN BADIAK
ALFRED J. WILL
PATRICK J. CORBETT
JAMES P. KRAUZLIS
LISA ANN SCOGNAMILLO

FLORIDA OFFICE:
BADIAK, WILL & KALLEN
17071 WEST DIXIE HIGHWAY
NORTH MIAMI BEACH, FL 33160

JOHN D. KALLEN

TELEPHONE: (516) 877-2225
TELEFAX: (516) 877-2230/2240
E-MAIL: ADMIRALAW@AOL.COM



February 8, 2007

TOTAL QUALITY LOGISTICS, INC.
P. O. Box 799
Cincinnati, OH 45150

Attention:    Kim Kelly

Reference:    Empire Resources, Inc., v. Hill's Trucking, Inc.
              Theft of 5 Coils Aluminum
              October 1, 2006 – Katy, Texas
              Our Ref.: 07-E-002-RB

Dear Ms. Kelly:

We herewith attach an original "Release and Assignment" on the above captioned matter and await your settlement check made payable to BADIAK & WILL, LLP, as attorneys.

We thank you for your kind cooperation in finalizing this matter.

Very truly yours,

**BADIAK & WILL, LLP**

ROMAN BADIAK

RB:ia

Enclosure

P.O. Box 799 Cincinnati OH 45150
PHONE: 513-531-2600

**TQL**

TOTAL QUALITY LOGISTICS

*exceptional service, proven results*

## RELEASE AND ASSIGNMENT

KNOW ALL MEN BY THESE PRESENTS, that the undersigned company, for the sole consideridation of $63,404.61, the receipt of which is hereby acknowledged, has released and discharged, and by these presents does hereby forever release and discharge Total Quality Logistics, its heirs, executors, administrators, employers, employees, principals, agents, insurers, attorneys, divisions, affiliates, successors, and assigns, (collectively referred to as "payors") for and from any and all liability, claims, demands, controversies, damages, interest of any kind, actions and causes of actions on account of lost profit, property damage, loss of services, loss of goods, damaged goods, and any and all other loss and damage of every kind and nature known or unknown sustained by or hereafter resulting to the undersigned or any person or persons from whom the undersigned is acting as executor, administrator or guardian, from an incident which occurred on or about 9/29/2006 12:00:00 AM, involving the transportation of the undersigned's property or goods by Hill Trucking Inc (tn), and from all liability, claims, demands, controversies, damages, interest of any kind, actions and causes of actions whatsoever, either in law or equity, which the undersigned, individually or in any other capacity, its heirs, executors, administrators, employees, divisions affiliates, agents, successors and assigns, can, shall or may have by reason of or in anywise incident to or resulting from the incident hereinbefore mentioned.

As inducement to the payment of the sum aforesaid, the undersigned declares that it fully understands the terms of this settlement, and that it voluntarily accepts said sum for the purpose of making full and final compromise, adjustment and settlement of all loss, damages and injuries hereinbefore mentioned or referred to, and that the payment of said sum for this release is not an admission of liability by the payors.

The undersigned company further agrees, for the consideration referenced above, to assign Total Quality Logistics all claims, demands, actions and causes of action that it has or may have against Hill Trucking Inc (tn) as a result of the incident referenced above. The undersigned company further assigns all money that Hill Trucking Inc (tn) owes or may owe to the undersigned company as a result of the incident referenced above.

IN WITNESS WHEREOF, I have hereunto set my hand this ___8th__day of _February_2006/7

WITNESS:
EMPIRE RESOURCES

_____
Alfred L. Will

By     Roman Badiak
       As Atorney
Title

# EXHIBIT 4

# BADIAK & WILL, LLP

*Attorneys and Proctors in Admiralty*

ROMAN BADIAK
ALFRED J. WILL
JAMES P. KRAUZLIS
LISA ANN SCOGNAMILLO

106 THIRD STREET
MINEOLA, NY 11501-4404

—————

TELEPHONE: (516) 877-2225
TELEFAX: (516) 877-2230/2240
E-MAIL: ADMIRALAW@AOL.COM

FLORIDA OFFICE:
BADIAK, WILL & KALLEN
17071 WEST DIXIE HIGHWAY
NORTH MIAMI BEACH, FL 33160

—————

JOHN D. KALLEN

March 12, 2007

**VIA TELEFAX ONLY 513-965-4742**

Total Quality Logistics, Inc.
P.O. Box 799
Cincinnati, OH 45150

Attn:  Kim Kelly

RE:  Empire Resources, Inc. v. Hill's Trucking, Inc.
      Theft of 5 Coils Aluminum
      October 1, 2006 - Katy, Texas
      Our Ref.: 07-E-002-RB

Dear Ms. Kelly:

The above captioned matter was settled, and a release and assignment submitted, on February 8, 2007 in the amount of $63,404.61. We understand that you are having problems with Hill Trucking Inc. in your indemnity action against them, however, this has nothing to do with our settlement agreement, especially in light of the executed release and assignment.

Kindly forward your settlement check, made payable to "Badiak & Will, LLP, As Attorneys", as soon as possible.

We thank you for your kind cooperation and await your immediate advices.

Very truly yours,

BADIAK & WILL, LLP

ROMAN BADIAK

RB/lmw

# EXHIBIT 5

**BADIAK & WILL, LLP**

*Attorneys and Proctors in Admiralty*

ROMAN BADIAK
ALFRED J. WILL
JAMES P. KRAUZLIS
LISA ANN SCOGNAMILLO

106 THIRD STREET
MINEOLA, NY 11501-4404
—————
TELEPHONE: (516) 877-2225
TELEFAX: (516) 877-2230/2240
E-MAIL: ADMIRALAW@AOL.COM

FLORIDA OFFICE:
BADIAK, WILL & KALLEN
17071 WEST DIXIE HIGHWAY
NORTH MIAMI BEACH, FL 33160
—————
JOHN D. KALLEN

April 11, 2007

<u>**VIA TELEFAX ONLY 513-965-4742**</u>

Total Quality Logistics, Inc.
P.O. Box 799
Cincinnati, OH 45150

Attn:   Kim Kelly

RE:     Empire Resources, Inc. v. Hill's Trucking, Inc.
        Theft of 5 Coils Aluminum
        October 1, 2006 - Katy, Texas
        Our Ref.: 07-E-002-RB

Dear Ms. Kelly:

We settled the above captioned matter on February 8, 2007 in the amount of $63,404.61. We signed releases, however, have not received funds as yet. Our principals are on our backs to recover these funds as soon as possible and have advised us that if a check is not forthcoming by the end of this month, we are being forced to file suit for breach of contract of settlement and request interest in legal fees.

We have an amicable relationship on this matter and do not want to take such a drastic measure.

Kindly forward your check, made payable to "Badiak & Will, LLP, As Attorneys", as soon as possible.

We thank you for your very kind cooperation and await your immediate advices.

Very truly yours,

BADIAK & WILL, LLP

ROMAN BADIAK

RB/lmw

# EXHIBIT 6

**TQL**

TOTAL QUALITY LOGISTICS
*exceptional service, proven results*

P.O. Box 799
Cincinnati, OH 45150
(p) 513.831.2600
(f) 513.248.5340
**800.580.3101**
www.totalqualitylogistics.com

April 11, 2007

Badiak & Will, LLP
106 Third ST.
Mineola, NY 11501

Reference: Empire Resources, Inc, vs. Hill Trucking, Inc.
Claim Number 317467
Your Number 07-E-002-RB

Dear Mr. Badiak,

In your letter dated April 11th, 2007 you state that settlement has been reached on a cargo claim involving the theft of 5 aluminum coils. Total Quality Logistics has made no such settlement agreement, simply offered terms of release and assignment in the event that payment would be approved by our President. At this time we find ourselves unable to make payment on this cargo claim. As you may or may not be aware, Total Quality Logistics is solely a transportation broker, and at no time took possession of the goods in question. As such, we are not in a position to make settlement on behalf of the liable Motor Carrier, Hill Trucking. At this time we encourage Badiak and Will to resolve this matter directly with the attorney representing Hill Trucking. I have supplied Mr. Russell Thompson, legal counsel for Hill Trucking, all the necessary contact information so he may properly investigate, prepare and present a positive outcome to this matter. I have also included his contact information for your convenience.

As always, TQL also appreciates a friendly, professional business relationship.

Please let me know if I may be of further assistance.

Best regards,

Kim Kelly
Claims Coordinator
Total Quality Logistics
513-831-2600 / 800-580-3101 ext. 2881
Fax: 513-965-4742
kimkelly@totalqualitylogistics.com

Received
MAY 7 20
BADIAK & WIL

cc: Mr. Russell Thompson    **www.totalqualitylogistics.com**









# EXHIBIT 7

# ALLEN, SUMMERS, SIMPSON, LILLIE & GRESHAM P.L.L.C.

80 Monroe Avenue, Suite 650
Memphis, TN 38103-2466

Telephone (901) 763- 4200
Fax (901) 684-1768

## ATTORNEYS AND COUNSELORS

Robert L. Green
Richard H. Allen
James B. Summers
James M. Simpson
Shawn R. Lillie
Darryl D. Gresham
Kirk A. Caraway

Heather W. Fletcher
Joseph M. Koury
Kevin W. Washburn
Reagan F. Goins
Angela Canale
Brenda R. Nelson

## *Fax Cover Sheet*

Date: 07-25-2007    FAX: 1-516-877-2230

TO: Roman Badiak, ESQ FROM: Bob Green

RE: Fantasy, Total Quality, et al PAGES: 26442

If you do not receive all the pages, Please contact us at (901) 763- 4200

Note: Roman, I am sending you a copy of the law suit that we have filed for Hills Trucking, Inc. Later today I will call you to discuss your case against Hills and others.

IMPORTANT: This facsimile may contain LEGALLY PRIVILEGDED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above. If the reader of this message is not the intended recipient of this facsimile or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any unauthorized possession, dissemination or copying of the facsimile or the information contained in it is strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the original facsimile to us at the above address by U. S. mail. We will reimburse any reasonable costs you incur in notifying us and returning these documents to us. We apologize for the inconvenience we have caused you. Thank you for your cooperation.

## Lisa Ann Scognamillo

| | |
|---|---|
| **From:** | Lisa Ann Scognamillo [lscognamillo@badiakwill.com] |
| **Sent:** | Wednesday, October 10, 2007 12:00 PM |
| **To:** | 'bsusser@sillscummis.com' |
| **Subject:** | FORTIS CORPORATE INSURANCE V. TOTAL QUALITY LOGISTICS, INC and HILLS TRUCKING |

Dear Mr. Susser,

It was a pleasure speaking with you earlier today.

I have taken over this matter from Roman Badiak who has retired from the firm.

Please advise of the status of the Tennessee action between Hill's Trucking and its various insurers. Our office was previously requested by Bob Green of Allen, Summers (Hill's counsel in the Tennessee action) to hold off prosecuting the action in the Southern District of New York until the 3 insurers appeared in the Tennessee action, believing there would be a settlement.

Have the insurers appeared in the Tennessee action? Can this matter be settled? Please advise. Otherwise, we will have no choice but to continue pressing the claim in the New York action.

Thank you for your attention to this matter.

Best Regards,

Lisa A. Scognamillo

## Lisa Ann Scognamillo

| | |
|---|---|
| **From:** | Robert Green [rgreen@allensummers.com] |
| **Sent:** | Thursday, October 11, 2007 10:03 AM |
| **To:** | lscognamillo@badiakwill.com |
| **Cc:** | BSAUSSER@sillscummis.com |
| **Subject:** | Hills Trucking, Inc. |

All of the defendants have answered in the state action and there is some written discovery in progress.  Quite honestly I am disappointed in the apparent lack of interest in resolving this matter.  I plan on filing a Petition, under Tennessee Supreme Court Rule 31 for Mediation to get this matter moving toward a resolution.  I hope your client (and the court) will be patient and allow this matter to be resolved in Tennessee.

Supreme Court Rule 31

**Lisa Ann Scognamillo**

**From:** Lisa Ann Scognamillo [lscognamillo@badiakwill.com]

**Sent:** Wednesday, November 14, 2007 1:45 PM

**To:** 'Robert Green'

**Subject:** HILLS TRUCKING INC

Dear Mr. Green,

Can you please provide a status report on this matter?  Things might soon be heating up on this end.  Even better, can we get the parties to settle?

Please advise.

Best Regards,

Lisa A. Scognamillo

## Lisa Ann Scognamillo

| | |
|---|---|
| **From:** | Robert Green [rgreen@allensummers.com] |
| **Sent:** | Friday, November 16, 2007 11:37 AM |
| **To:** | lscognamillo@badiakwill.com |
| **Subject:** | Hills Trucking, Inc. |

I proposed Mediation as a means of resolving this matter, The attorney for Bolivar Insurance agreed,The attorney for Canal and Greenwich Transportation Underwriters declined, primarily (I think) because not all of the parties were before the Court.  I an trying to determine whether Chip Miller, attorney for Total Quality Logistics, would agree to mediation.  Would your client agree to mediation? I think if we were in mediation the U.S. District Court might let us alone, otherwise I fear he is going to set a scheduling conference and than all sorts of expensive and time consuming things will happen in New York. This is THE type case that seems to cry out for mediation and settlement.

-----Original Message-----
**From:** Robert Green [mailto:rgreen@allensummers.com]
**Sent:** Monday, November 19, 2007 1:10 PM
**To:** Lisa Ann Scognamillo
**Cc:** rxthompson@aol.com
**Subject:** RE: Hills Trucking, Inc.

Lisa Ann, I agree fully, however, Dale Thomas, attorney for Canal and Greenwich Transportation Underwriters, has declined to agree to Mediation on the ground that not all necessary parties are before the court in this case. I have talked with Skip Miller, attorney for Total Quality Logistics and he has agreed to recommend to his client that they participate in the mediation,by telephone. I am hoping that your client will agree to do the same, that way I can represent to the Chancellor that we have all the parties before the Mediator.

---

**From:** Lisa Ann Scognamillo [mailto:lscognamillo@badiakwill.com]
**Sent:** Monday, November 19, 2007 9:32 AM
**To:** Robert Green
**Subject:** RE: Hills Trucking, Inc.

Thank you for your response on this matter. Since our client is not a party to the Tennessee State Court action, you don't need our agreement to mediate. However, I think mediation is a good idea, as is any method that gets my client closer to being paid. Please keep me posted of any developments. \

Best Wishes for a Happy Thanksgiving.

Lisa A. Scognamillo

>-----Original Message-----
>**From:** Robert Green [mailto:rgreen@allensummers.com]
>**Sent:** Friday, November 16, 2007 11:37 AM
>**To:** lscognamillo@badiakwill.com
>**Subject:** Hills Trucking, Inc.
>
>I proposed Mediation as a means of resolving this matter, The attorney for Bolivar Insurance agreed,The attorney for Canal and Greenwich Transportation Underwriters declined, primarily (I think) because not all of the parties were before the Court. I an trying to determine whether Chip Miller, attorney for Total Quality Logistics, would agree to mediation. Would your client agree to mediation? I think if we were in mediation the U.S. District Court might let us alone, otherwise I fear he is going to set a scheduling conference and than all sorts of expensive and time consuming things will happen in New York. This is THE type case that seems to cry out for mediation and settlement.

## Lisa Ann Scognamillo

| | |
|---|---|
| **From:** | Lisa Ann Scognamillo [lscognamillo@badiakwill.com] |
| **Sent:** | Monday, December 03, 2007 11:37 AM |
| **To:** | 'Robert Green' |
| **Subject:** | RE: Hills Trucking, Inc. |

Without prejudice to our client's rights in the New York action filed in the Southern District of New York, we will not participate in the mediation of the Tennessee State Court action. Please let us know the outcome of any mediation, when we can expect to receive settlement funds and from whom.

Best Regards,

Lisa A. Scognamillo

-----Original Message-----
**From:** Robert Green [mailto:rgreen@allensummers.com]
**Sent:** Monday, November 26, 2007 5:10 PM
**To:** Lisa Ann Scognamillo
**Subject:** RE: Hills Trucking, Inc.

I believe we can mediate before the end of the year, I further believe mediation will produce a settlement.

**From:** Lisa Ann Scognamillo [mailto:lscognamillo@badiakwill.com]
**Sent:** Monday, November 26, 2007 10:44 AM
**To:** Robert Green
**Subject:** RE: Hills Trucking, Inc.

Without prejudice to my client's rights to proceed with the action in the Southern District of New York, what is your honest assessment about the underwriters' intent to settle with a mediator if all parties appear in mediation? When might mediation take place? This matter has been dragging on for far too long and my client is anxious to move it along, as am I. Also, please be advised that we can expect the Judge to call a conference in this matter soon and we will not delay it any further.

I look forward to your prompt response.

Regards,

Lisa A. Scognamillo

-----Original Message-----
**From:** Robert Green [mailto:rgreen@allensummers.com]
**Sent:** Monday, November 19, 2007 1:10 PM
**To:** Lisa Ann Scognamillo
**Cc:** rxthompson@aol.com
**Subject:** RE: Hills Trucking, Inc.

Lisa Ann, I agree fully, however, Dale Thomas, attorney for Canal and Greenwich Transportation Underwriters, has declined to agree to Mediation on the ground that not all necessary parties are before the court in this case. I have talked with Skip Miller, attorney for Total Quality Logistics and he has agreed to recommend to his client that they participate in the mediation, by telephone. I am hoping that your client will agree to do the same, that way I can represent to the Chancellor that we have all the parties before the Mediator.

## Lisa Ann Scognamillo

**From:**    Lisa Ann Scognamillo [lscognamillo@badiakwill.com]
**Sent:**    Thursday, January 03, 2008 1:30 PM
**To:**      'Robert Green'
**Subject:**  RE: Hills Trucking, Inc.

Please advise the status of mediation.  Please also advise whether we can expect to receive payment shortly.

Lisa A. Scognamillo

-----Original Message-----
**From:** Robert Green [mailto:rgreen@allensummers.com]
**Sent:** Monday, November 26, 2007 5:10 PM
**To:** Lisa Ann Scognamillo
**Subject:** RE: Hills Trucking, Inc.

I believe we can mediate before the end of the year, I further believe mediation will produce a settlement.

**From:** Lisa Ann Scognamillo [mailto:lscognamillo@badiakwill.com]
**Sent:** Monday, November 26, 2007 10:44 AM
**To:** Robert Green
**Subject:** RE: Hills Trucking, Inc.

Without prejudice to my client's rights to proceed with the action in the Southern District of New York, what is your honest assessment about the underwriters' intent to settle with a mediator if all parties appear in mediation?  When might mediation take place?  This matter has been dragging on for far too long and my client is anxious to move it along, as am I.  Also, please be advised that we can expect the Judge to call a conference in this matter soon and we will not delay it any further.

I look forward to your prompt response.

Regards,

Lisa A. Scognamillo

-----Original Message-----
**From:** Robert Green [mailto:rgreen@allensummers.com]
**Sent:** Monday, November 19, 2007 1:10 PM
**To:** Lisa Ann Scognamillo
**Cc:** rxthompson@aol.com
**Subject:** RE: Hills Trucking, Inc.

Lisa Ann, I agree fully, however, Dale Thomas, attorney for Canal and Greenwich Transportation Underwriters, has declined to agree to Mediation on the ground that not all necessary parties are before the court in this case.  I have talked with Skip Miller, attorney for Total Quality Logistics and he has agreed to recommend to his client that they  participate in the mediation,by telephone.  I am hoping that your client will agree to do the same, that way I can represent to the Chancellor that we have all the parties before the Mediator.

**From:** Lisa Ann Scognamillo [mailto:lscognamillo@badiakwill.com]
**Sent:** Monday, November 19, 2007 9:32 AM
**To:** Robert Green