BADIAK & WILL, LLP
Attorneys for Plaintiff
FORTIS CORPORATE INSURANCE
as subrogee of EMPIRE RESOURCES, INC.
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225
Our Ref. 07-E-002-RB/LS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FORTIS CORPORATE INSURANCE as
subrogee of EMPIRE RESOURCES, INC.,

     Plaintiff,        07 Civ. 3731 (VM)

 - against -

TOTAL QUALITY LOGISTICS, INC. and
HILL'S TRUCKING, INC.,

     Defendants.
------------------------------------------------------------X
TOTAL QUALITY LOGISTICS, INC.,

     Third-Party Plaintiff,

 - against -

BOLIVAR INSURANCE AND REAL
ESTATE, INC. and CANAL INSURANCE CO.,

     Third-Party Defendants.

------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO STAY LITIGATION
IN DEFERENCE TO THE PENDING TENNESSEE MEDIATION**

## **PRELIMINARY STATEMENT**

Plaintiff commenced this action seeking recovery for a subrogated cargo claim. The complaint alleges two causes of action. One is for breach of contract based upon one of the defendant's agreement to settle this matter. The other is against both defendants seeking recovery for the full amount of the lost cargo based upon the defendants' breaches of their obligations as common carriers and bailees of cargo, as well as a breach of contract for failure to deliver the cargo as agreed.

At the request of counsel for defendant Hill's Trucking, Inc. ("Hill's), plaintiff voluntarily held off prosecuting this matter for more than seven (7) months in light of the Tennessee action filed by Hill's against various insurers seeking a determination of coverage. This honorable Court has scheduled a conference in this matter for February 15, 2008. Defendants Hill's and Total Quality Logistics, Inc. ("TQL") now seek to stay this litigation in deference to a Tennessee mediation. Plaintiff opposes this request and wishes to proceed with a swift resolution of this matter. This memorandum of law is submitted in opposition to the defendants' motion.

## **FACTS**

In or about September, 2006, Empire Resources, Inc., plaintiff's subrogor, contracted with defendant TQL to transport a shipment of aluminum coils. (Scognamillo Aff. ¶ 3).[1] TQL, in turn, contracted with defendant Hill's Trucking, Inc. ("Hill's), as the actual carrier to transport the shipment. (Scognamillo Aff. ¶ 4). While the shipment was in the care, custody and

---

[1] "Scognamillo Aff. ¶ __) refers to the numbered paragraphs contained in the affidavit of Lisa A. Scognamillo sworn to on February 8, 2008 and submitted in opposition to defendants' motion to stay litigation. "Exh. __" refers to the numbered exhibits annexed to the Scognamillo Aff.

2

control of Hill's, it was stolen and never recovered. (Scognamillo Aff. ¶ 5). These essential facts are admitted by Hill's in its complaint filed in the Tennessee action. (Scognamillo Aff. ¶ 5 and Exhibit 1[Tennessee Complaint at ¶¶ 5, 8, 9, 10] to the Affidavit of Robert L. Green dated February 6, 2008 ("Green Aff."), submitted in support of the instant motion to stay litigation.

On or about January 16, 2007, plaintiff's counsel filed a written claim for the stolen shipment with TQL. (Scognamillo Aff. ¶ 6 and Exh. 1). On January 23, 2007, plaintiff's counsel verbally settled this matter with Kim Kelly of TQL. (Scognamillo Aff. ¶ 7). This agreement was confirmed in a writing the same day. (Scognamillo Aff. ¶ 7 and Exh. 2). Thereafter, TQL forwarded a document on its own letterhead entitled "Release and Assignment" for execution in connection with the settlement of this matter. (Scognamillo Aff. ¶ 8 and Exh. 3). TQL's "Release and Assignment" was duly executed on Empire's behalf on February 8, 2007 and forwarded to TQL the same day. (Scognamillo Aff. ¶ 9 and Exh. 3).

When settlement funds were not forthcoming from TQL, counsel for plaintiff sent a follow-up letter to TQL on March 12, 2007 referencing the parties' settlement agreement and duly executed "Release and Assignment." (Scognamillo Aff. ¶ 10 and Exh. 4). Receiving no response, plaintiff's counsel sent a second follow-up letter on April 11, 2007 to TQL, again referencing the parties' settlement agreement and the duly executed "Release and Assignment" and further requesting the remittance of settlement funds to avoid litigation. (Scognamillo Aff. ¶ 11and Exh. 5).

By letter dated April 11, 2007, TQL claimed, for the first and only time, there was no settlement agreement and refused make payment on the cargo claim. (Scognamillo Aff. ¶ 12 and Exh. 6). It is believed that TQL reneged on its settlement agreement because Hill's refused or

3

was unable to indemnify TQL. (Scognamillo Aff. 13).

This action ensued and alleges causes of action for breach of contract (based upon the settlement agreement) and, alternatively, for the full amount of the lost cargo based upon the defendants' breaches of their obligations as common carriers and bailees of cargo, as well as a breach of contract for failure to deliver the cargo as agreed. (Scognamillo Aff. ¶ 14).

As evidenced by Hill's submission (see Exhibit 1 to the Green Aff.), the complaint in the Tennessee action is *completely unrelated* to the issues before this honorable Court. (Scognamillo Aff. ¶ 15). The issue before the Tennessee Court is one of insurance coverage and has absolutely nothing to do with the plaintiff herein. (Scognamillo Aff. ¶ 15 and Exhibit 1 to the Green Aff.). Moreover, plaintiff herein is not a party to the Tennessee litigation. (Scognamillo Aff. ¶ 15 and Exhibit 1 to the Green Aff.).

Subsequent to the filing of this action, sometime in the summer of 2007, plaintiff's counsel was requested by Robert Green, Hill's counsel in the Tennessee action, to hold off prosecuting this matter. (Scognamillo Aff. ¶ 16). Plaintiff's counsel agreed and complied with this request for more than seven (7) months based upon Mr. Green's hopes, as evidenced by an exchange of messages, that the Tennessee matter would be resolved quickly. (Scognamillo Aff. ¶ 16 and Exh. 7).

Plaintiff has been more than generous and patient waiting for a resolution of the Tennessee matter and now wishes to proceed with a swift resolution of this action and be fully reimbursed for its loss. (Scognamillo Aff. ¶ 17).

Counsel for defendants Hill's and TQL requested that plaintiff join in the current motion to stay this action in light of the mediation in Tennessee. (Scognamillo Aff. ¶ 18). Plaintiff

4

responded that it would consider such a request if the defendants would offer a written guarantee or commitment to honor the settlement agreement, regardless of the outcome of the coverage issue in the Tennessee mediation. (Scognamillo Aff. ¶ 18). Defendants declined to offer any such guarantee or commitment and plaintiff now seeks to proceed with a swift resolution of this proceeding. (Scognamillo Aff. ¶ 18).

## ARGUMENT

### POINT I.

### FACTORS CONSIDERED BY THE SECOND CIRCUIT WEIGH AGAINST STAYING THIS ACTION IN DEFERENCE TO TENNESSEE MEDIATION

In their memorandum, defendants list the factors considered by a Court within this district when deciding whether to stay an action. *Van Wagner Enterprises, LLC v. Brown*, 367 F. Supp.2d 530 (S.D.N.Y. 2005). However, defendants incorrectly apply the factors to the facts of this case. Most, if not all of the factors, weigh heavily *against* granting a stay of this litigation in deference to the Tennessee mediation.

#### A. Identity of Parties and Issues in Both Actions.

One of the key factors a court considers is whether there is an identity of parties and issues in both actions. *Van Wagner Enterprises, LLC,* 367 F. Supp.2d 530. It cannot be seriously argued that this factor has been satisfied. First and foremost, the plaintiff in this action is NOT a party in the Tennessee action. (Scognamillo Aff. ¶ 15; Exhibit 1 [Tennessee Complaint] to Green Aff.). Therefore, this factor alone warrants denial of defendants' request for a stay because plaintiff's interests are not being represented in the Tennessee action. Any other result

would be unfair and prejudicial to plaintiff herein.

Neither is there an identity of issues. This action alleges causes of action for breach of contract (based upon the settlement agreement) and, alternatively, for the full amount of the lost cargo based upon the defendants' breaches of their obligations as common carriers and bailees of cargo, as well as a breach of contract for failure to deliver the cargo as agreed. (Scognamillo Aff. ¶ 14).

Conversely, as evidenced by defendants' own submission (see Exhibit 1 to the Green Aff.), the complaint in the Tennessee action is *completely unrelated* to the issues before this honorable Court. (Scognamillo Aff. ¶ 15). The issue before the Tennessee Court is one of insurance coverage and has absolutely nothing to do with the plaintiff herein. (Scognamillo Aff. ¶ 15 and Exhibit 1 to the Green Aff.). Thus, the motion for a stay should be denied.

### B. Likelihood of Prompt Disposition in the Alternate Forum

Defendants admit that the mediation ordered by the Tennessee Court is not expected to occur until June, 2008 – nearly four (4) months from now! This can hardly be deemed a 'prompt resolution,' particularly in light of the fact that plaintiff has already voluntarily delayed prosecution of this matter for over seven (7) months in the hopes there would be a prompt and equitable resolution of the Tennessee matter. (Scognamillo Aff. ¶ 16 and Exh. 7). Moreover, there should be no more delays. Defendants, particularly Hill's, has already admitted liability because it alleges in the Tennessee complaint (see Exhibit 1 to Green Aff. at ¶ 10) that "while said cargo was in the custody of Hill, the tractor, trailer and cargo was [sic] stolen. The tractor . . . was recovered. The trailer and aluminum was [sic] not recovered." This is a judicial admission binding upon Hill's. *United States v. McKeoan,* 738 F.2d 26 (2nd Cir. 1984). here is really

6

nothing left to decide in this action and the defendants should be directed to make full restitution to plaintiff herein. Defendants' motion to stay litigation should, therefore, be denied.

### C. Adequacy and Extent of Relief Available in the Alternate Forum

As discussed previously, plaintiff herein is not a party to the Tennessee action and the issues in the two proceedings are completely different. Thus, it cannot be seriously contended that there is adequate relief available to plaintiff in the Tennessee forum. The motion for a stay must, therefore, be denied.

### D. Possibility of Prejudice to a Party as a Result of Stay

Obviously, plaintiff will be severely prejudiced if this action was stayed in favor of the Tennessee mediation. Plaintiff is not a party to that proceeding, nor are the same issues being litigated in the different forums. Since plaintiff's interests are being adequately represented in this forum only, and not in Tennessee, this action should not be stayed in deference to the Tennessee mediation. Moreover, this matter was settled more than a year ago and plaintiff still has not been paid. It is respectfully submitted that having plaintiff wait at minimum another four (4) months to be paid, particularly in light of the fact that defendants have admitted liability, is severely prejudicial and should not be sanctioned by this honorable Court.

### E. Convenience of the Parties, Counsel and Witnesses

Just as obvious is the fact that plaintiff would be severely inconvenienced if this matter was stayed. Plaintiff, as is its right, has chosen to have its rights litigated in this forum and by this Court. And, again, plaintiff is not a party to the Tennessee proceeding and there is no identity of issues between the two forums. This warrants denial of defendants' motion to stay.

### F. Considerations of Comity

Defendants request a stay of this Federal Court litigation in deference to a Tennessee *mediation* in which the plaintiff is not even a party and in which there is no identity of issues in the two forums. It is respectfully submitted that principles of comity do not contemplate sanctioning a stay under the facts and circumstances of this case. Defendants' request should, therefore, be denied.

### CONCLUSION

For all the foregoing reasons, defendants' motion to stay litigation in deference to the pending Tennessee action should be denied in its ENTIRETY.

Dated: Mineola, New York
February 8, 2008

                                                  Respectfully submitted,

                                                  BADIAK & WILL, LLP
                                                  Attorneys for Plaintiff
                                                  FORTIS CORPORATE INSURANCE
                                                  As Subrogee of EMPIRE RESOURCES, INC.

                                                  By: _____
                                                     LISA A. SCOGNAMILLO (LS7706)
                                                   106 Third Street
                                                   Mineola, New York 11501-4404
                                                   (516) 877-2225
                                                   Our Ref.: 07-E-002-RB/LS

TO:    Attn: Charles M. Miller, Esq.
       Keating Muething & Klekamp, PLL
       Attorneys for Defendant Total Quality Logistics, Inc.
       One East Fourth Street, Suite 1400
       Cincinnati, Ohio 45202-3752

       Attn: Sukjin Henry Cho, Esq.
       Pak & Cho, P.C.
       Attorneys for Defendant Total Quality Logistics, Inc.
       1222 Anderson Avenue
       Fort Lee, New Jersey 07024

       Attn: Sung Yong Ahn
       Pak & Cho, P.C.
       Attorneys for Defendant Total Quality Logistics, Inc.
       230 Park Avenue, Suite 1000
       New York, New York 10169

       Attn: Bennet Susser, Esq.
       Sills Cummis & Gross, P.C. (NJ)
       Attorneys for Defendant Hill's Trucking, Inc.
       One Riverfront Plaza
       Newark, New Jersey 07102-5400

       Bolivar Insurance
       Real Estate Inc.
       800 West Market Street
       Bolivar, Tennessee 38008

       Canal Insurance Company
       400 East Stone Avenue
       Greenville, South Carolina 29601

Index No.: 07 Civ. 3731 (VM)

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK       )
                        )SS.:
COUNTY OF NASSAU        )

**I, Luz M. Webb,** being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and reside c/o Badiak & Will, LLP, 106 3rd Street, Mineola, New York 11501-4404. On February 8, 2008 I served the within PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STAY LITIGATION IN DEFERENCE TO THE PENDING TENNESSEE MEDIATION on:

Attn: Charles M. Miller, Esq.
Keating Muething & Klekamp, PLL
Attorneys for Defendant Total Quality Logistics, Inc.
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202-3752


Attn: Sukjin Henry Cho, Esq.
Pak & Cho, P.C.
Attorneys for Defendant Total Quality Logistics, Inc.
1222 Anderson Avenue
Fort Lee, New Jersey 07024


Attn: Sung Yong Ahn
Pak & Cho, P.C.
Attorneys for Defendant Total Quality Logistics, Inc.
230 Park Avenue, Suite 1000
New York, New York 10169


Attn: Bennet Susser, Esq.
Sills Cummis & Gross, P.C. (NJ)
Attorneys for Defendant Hill's Trucking, Inc.
One Riverfront Plaza
Newark, New Jersey 07102-5400


Bolivar Insurance
Real Estate Inc.
800 West Market Street
Bolivar, Tennessee 38008


Canal Insurance Company
400 East Stone Avenue
Greenville, South Carolina 29601

By depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

_____
LUZ M. WEBB

Sworn to before me this
8th Day of February, 2008

_____
NOTARY PUBLIC

JACQUELINE MOORE
Notary Public, State Of New York
No. 01MO5019312
Qualified In Nassau County
Commission Expires October 18, 2009