**BADIAK & WILL, LLP**

*Attorneys and Proctors in Admiralty*

106 THIRD STREET
MINEOLA, NY 11501-4404

TELEPHONE: (516) 877-2225
TELEFAX: (516) 877-2230/2240
E-MAIL: ADMIRALAW@AOL.COM

FLORIDA OFFICE:
BADIAK, WILL & KALLEN
17071 WEST DIXIE HIGHWAY
NORTH MIAMI BEACH, FL 33160

February 8, 2008

**VIA TELEFAX AND ECF - 212-805-6382**

**JOINT LETTER**

Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: Fortis Corporate Insurance a/s/o Empire Resources, Inc. v.
Total Quality Logistics, Hills Trucking, Inc.
Index No.: 07 Civ. 3731 (VM)
Our Ref.: 07-E-002-RB/LS

Dear Judge Marrero:

This Joint Letter is respectfully submitted on behalf of plaintiff and defendants Hill's Trucking, Inc. and Total Quality Logistics, Inc.[1] in accordance with the Notice of Initial Conference dated January 17, 2008, and in connection with the February 15, 2008 Initial Conference.

---

[1] The third-party defendants have not responded to plaintiff's counsel's request to participate in this Joint Letter. Additionally, the parties to this Joint Letter have not agreed to a Case Management Plan and Scheduling Order.

Honorable Victor Marrero
United States District Court
Southern District of New York
February 8, 2008
Page 2

## (1) CASE DESCRIPTION

### (A) Plaintiff's Factual and Legal Basis for Claims

This Court has jurisdiction of this subrogated cargo claim pursuant to the Carmack Amendment, 49 U.S.C. § 14706, and pursuant to 28 U.S.C. § 1337 because the defendants are motor carriers and/or freight forwarders in interstate commerce and the amount in controversy exceeds $10,000.00, exclusive of interests and costs.

This Court also has diversity jurisdiction because plaintiff is a corporation organized pursuant to the laws of a foreign nation and the defendants are corporations organized pursuant to the laws of the United States and the amount in controversy exceeds $75,000.00.

In or about September, 2006, Empire Resources, Inc., ("Empire"), plaintiff's subrogor, contracted with defendant Total Quality Logistics, Inc. ("TQL") to transport a shipment of aluminum coils. TOL, in turn, contracted with defendant Hill's Trucking Inc. ("Hill's"). The shipment was stolen while in Hill's custody and never recovered. These essential facts are admitted by Hill's.[2]

A claim was presented on TQL on January 16, 2007. On January 23, 2007, TQL agreed to settle this matter in the amount of $63,404.61 in exchange for a release and assignment provided by TQL. This agreement was confirmed by letter dated January 23, 2007. TQL forwarded their *own* document on their *own* letterhead entitled "Release and Assignment." This Release and Assignment was duly executed on Empire's behalf and returned to TQL on February 8, 2007. However, TQL breached the settlement agreement and never forwarded settlement funds, despite having been sent at least two written reminders. Upon information and belief, TQL reneged on the settlement agreement because it was having difficulty seeking indemnity against Hill's. This lawsuit ensued.

This action alleges causes of action for breach of contract (based upon the settlement agreement) and alternatively, for the full amount of the last cargo which is estimated to be $75,500.00, based upon the defendants' breaches of their obligations as common carriers and bailees of cargo, as well as a breach of contract for failure to deliver the cargo as agreed.

---

[2]Subsequent to the filing of this action, Hill's commenced an action in a Tennessee State Court against its insurers for their refusal to cover this loss. That complaint, at ¶ 8, alleges that Hill's contracted with TQL to transport Empire's cargo. The Tennessee complaint further alleges, at ¶ 10, that "while said cargo was in the custody of Hill, the tractor, trailer and cargo was [sic] stolen. The tractor . . . was recovered. The trailer and aluminum was [sic] not recovered." A copy of the complaint filed in the Tennessee action is annexed hereto.

Honorable Victor Marrero
United States District Court
Southern District of New York
February 8, 2008
Page 3

### (B) Defendant Total Quality Logistics' Factual and Legal Basis for Defenses

This Court lacks jurisdiction over the claim against TQL. TQL is a broker of transportation services. The Carmack Amendment is inapplicable to brokers. Accordingly, neither 49 U.S.C. § 14706 nor 28 U.S.C. § 1337 vest this Court with jurisdiction over TQL.

This Court lacks diversity jurisdiction over TQL because the amount in controversy ($66,404.61) does not meet the jurisdictional threshold under 28 U.S.C. § 1332.

Empire contracted with TQL to broker a shipment of aluminum coils. The shipment was stolen while in the possession of Hill's Trucking. Empire's Carmack claim for this loss, which has allegedly been assigned to Fortis, is against Hill's Trucking only. The Carmack amendment does not authorize claims against a broker, such as TQL.

Fortis presented a claim to TQL for Empire's loss. Fortis demanded $63,404.61 in full settlement of the claim. Before TQL accepted, rejected or counteroffered, Fortis unilaterally declared the matter settled and commanded payment of the full demand. In response to Fortis's speculation above, TQL would not have agreed to settle Fortis's claim until it received a commitment from Hill's Trucking or its insurer to pay the claim. A meeting of the minds was not achieved. There was no settlement.

To the extent that TQL is liable to Fortis, it is entitled to indemnification from Hill's Trucking.

Third- Party Defendants Canal Insurance Co. ("Canal") and Bolivar Insurance and Real Estate ("Bolivar") provided a Certificate of Liability Insurance to TQL that stated that they afforded motor carrier coverage on the Hill's truck that was stolen. Canal subsequently denied that the truck was ever insured. Canal and Bolivar are estopped from denying coverage over this loss because TQL relied upon the Certificate of Liability Insurance.

### C. Defendant Hill's Trucking, Inc.'s Factual and Legal Basis for Defenses

Hill's Trucking, Inc. ("Hill") has never had any contractual relationship with Empire Resources, Inc. or its insurer, Fortis Corporate Insurance ("Fortis") and it therefore denies there is any basis for the claim for subrogation by Fortis.

Honorable Victor Marrero
United States District Court
Southern District of New York
February 8, 2008
Page 4

Hill never in any manner agreed to or participated in any manner in the submission of the Release and Assignment submitted by Total Quality Logistics, Inc. ("Total Quality") to Empire Resources, Inc.

Hill denies it breached any contractual obligation to Total Quality because it did insure the stolen load with Canal Insurance Company.

### (2) CONTEMPLATED MOTIONS

#### A. Plaintiff's Response

At this time, plaintiff contemplates making a summary judgment motion. Additional motions may be considered as the parties engage in discovery.

Plaintiff will file an opposition to the defendants' Motion to Stay litigation in deference to the Tennessee mediation.

Plaintiff also objects to any adjournment of the Scheduling Conference.

#### B. Defendant Total Quality Logistics' Response

TQL has joined in Hill's motion to stay this case pending resolution of the Tennessee litigation. TQL also joined in Hill's letter to the Court requesting the adjournment of the scheduling conference.

TQL contemplates filing a motion for dismissal because this court lacks subject matter jurisdiction over the claim asserted against it.

TQL contemplates filing motions for summary judgment against all other parties.

TQL also will file motions for default judgment against the third-party defendants should they not timely appear to defend themselves.[3]

---

[3] Counsel for TQL has been in contact with counsel for Canal. TQL anticipates that Canal will answer the third-party complaint on Friday, February 8, 2008. Counsel for TQL has not been contacted by anyone representing Bolivar.

### C. Defendant Hill's Trucking, Inc.'s Response

(1) Hill has filed a Motion to Stay.

(2) At this time, Hill contemplates filing a Motion to Dismiss or a Motion for Summary Judgment as to the claims by Fortis.

(3) At this time, Hill contemplates filing a Motion to Dismiss or a Motion for Summary Judgment as to Total Quality's cross-claim.

### (3) PROSPECT FOR SETTLEMENT

### A. Plaintiff's Response

Plaintiff is willing to settle this matter in accordance with the original settlement terms and in the of $63,404.61.

### B. Defendant Total Quality Logistics' Response

TQL shares Hill's belief that the resolution of the Tennessee litigation will result in the settlement of this matter.

### C. Defendant Hill's Trucking, Inc.'s Response

Defendant Hill is convinced that at the mediation ordered by the Chancery Court in Hardeman County, Tennessee there will be a finding that it had insurance coverage on the last load and that this finding will result in this case being settled.

### (4) CONSENT TO PROCEED BEFORE MAGISTRATE

### A. Plaintiff's Response

Plaintiff consents to proceed before a Magistrate.

### B. Defendant Total Quality Logistics' Response

TQL does not consent to proceed before a Magistrate.

Honorable Victor Marrero
United States District Court
Southern District of New York
February 8, 2008
Page 6

  At this time, Defendant Hill respectfully does not consent to proceed before a Magistrate Judge.

  We thank the Court for its kind attention to this matter.

                 Respectfully Submitted,

| BADIAK & WILL, LLP | KEATING MUETHING & KLEKAMP, PLL |
|---|---|
| Attorneys for Plaintiff | Attorneys for Defendant |
| FORTIS CORPORATE INSURANCE | TOTAL QUALITY LOGISTICS |
| a/s/o EMPIRE RESOURCES, INC. | One East Fourth Street, Suite 1400 |
| 106 Third Street | Cincinnati, OH 45202-3752 |
| Mineola, New York 11501-4404 | Telephone: (513) 579-6457 |
| Telephone: (516) 877-2225 | |
| *(signed)* | *(signed)* |
| LISA A. SCOGNAMILLO (LAS 7706) | CHARLES M. MILLER (*pro hac vice*) |
| | |
| Sills, Cummis & Gross, P.C. (N.J.) | PAK & CHO, P.C. |
| Attorneys for Defendant | Attorneys for Defendant |
| HILL'S TRUCKING, INC. | TOTAL QUALITY LOGISTICS |
| One Riverfront Plaza | 1222 Anderson Avenue |
| Newark, N.J. 07102-5400 | Fort Lee, New Jersey 07024 |
| Telephone: (973) 643-5883 | Telephone: (201) 886-0200 |
| | Fax: (201) 886-0111 |
| _____ | _____ |
| BENNET SUSSER (BS-    ) | SUNG YONG AHN (SA-3773) |

Honorable Victor Marrero
United States District Court
Southern District of New York
February 8, 2008
Page 6

### C. Defendant Hill's Trucking, Inc.'s Response

At this time, Defendant Hill respectfully does not consent to proceed before a Magistrate Judge.

We thank the Court for its kind attention to this matter.

                                                      Respectfully Submitted,

| | |
|---|---|
| BADIAK & WILL, LLP<br>Attorneys for Plaintiff<br>FORTIS CORPORATE INSURANCE<br>a/s/o EMPIRE RESOURCES, INC.<br>106 Third Street<br>Mineola, New York 11501-4404<br>Telephone: (516) 877-2225 | KEATING MUETHING & KLEKAMP, LLP<br>Attorneys for Defendant<br>TOTAL QUALITY LOGISTICS<br>One East Fourth Street, Suite 1400<br>Cincinnati, OH 45202-3752<br>Telephone: (513) 579-6457 |
| _____<br>LISA A. SCOGNAMILLO (LAS 7706) | _____<br>CHARLES M. MILLER (*pro hac vice*) |
| Sills, Cummis & Gross, P.C. (N.J.)<br>Attorneys for Defendant<br>HILL'S TRUCKING, INC.<br>One Riverfront Plaza<br>Newark, N.J. 07102-5400<br>Telephone: (973) 643-5883<br>*/s/ Bennet Susser/*<br>_____<br>BENNET SUSSER (BS-7799) | PAK & CHO, P.C.<br>Attorneys for Defendant<br>TOTAL QUALITY LOGISTICS<br>1222 Anderson Avenue<br>Fort Lee, New Jersey 07024<br>Telephone: (201) 886-0200<br>Fax: (201) 886-0111<br><br>_____<br>SUNG YONG AHN (SA-3773) |

Honorable Victor Marrero
United States District Court
Southern District of New York
February 8, 2008
Page 7

| | |
|---|---|
| HILL TRUCKING, INC.<br>One Riverfront Plaza<br>Newark, N.J. 07102-5400<br>Telephone: (973) 643-5883 | TOTAL QUALITY LOGISTICS<br>1222 Anderson Avenue<br>Fort Lee, New Jersey 07024<br>Telephone: (201) 886-0200<br>Fax: (201) 886-0111 |
| _____<br>BENNET SUSSER (BS-    ) | /s/ _____<br>SUNG YONG AHN (SA-3773) |

IN THE CHANCERY COURT FOR HARDEMAN COUNTY, TENNESSEE
FOR THE TWENTY-FIFTH JUDICIAL DISTRICT AT BOLIVAR

HILL'S TRUCKING, INC.,

    Plaintiff,

VS.

CANAL INSURANCE COMPANY, GREENWICH
TRANSPORTATION UNDERWRITERS, INC. and
BOLIVAR INSURANCE AND REAL ESTATE
AGENCY, INC.,

    Defendants.

NO. 16219

JURY DEMANDED

## COMPLAINT

COMES NOW the Plaintiff, Hill's Trucking, Inc. (hereinafter "Hill"), and for its complaint against Defendants says:

1. Hill is a duly organized and existing domestic corporation under the laws of the State of Tennessee with its principal place of business in Grand Junction, Hardeman County, Tennessee.

2. The Defendant, Canal Insurance Company (hereinafter "Canal") is a foreign corporation organized and existing under the laws of the State of South Carolina with its principal place of business in Greenville, Greenville County, South Carolina.

3. The Defendant, Greenwich Transportation Underwriters, Inc. (hereinafter "G.T.U.") is a domestic corporation organized and existing under the laws of the State of Tennessee with its principal place of business in Nashville, Davidson County, Tennessee.

26442

1

4. The Defendant, Bolivar Insurance and Real Estate Agency, Inc. (hereinafter "Bolivar") is a domestic corporation organized and existing under the laws of the State of Tennessee with its principal place of business in Bolivar, Hardeman County, Tennessee.

5. That Hill is and was at all times pertinent a common carrier of merchandise for hire in interstate commerce.

6. That Hill insured its operation as a common carrier of cargo through the Defendant, Canal, under policy number Motor Truck Cargo (MTC) 339421 with the coverage period being from June 29, 2005 through June 29, 2006.

7. That Hill's coverage under its policy with Canal was written through the Defendants, Bolivar and G.T.U.

8. That on or about September 29, 2006 the Plaintiff contracted with Total Quality Logistics to transport cargo owned by Empire Resources, Inc. and located at the Southern Worldwide Logistics, 9649 W. Wingfoot, Houston, Texas 77041 to the Trident Company, 405 N. Plano Road, Richardson, Texas 75085.

9. That this cargo consisted of five (5) coils of aluminum weighing approximately 44,881 lbs. and having a value of less than $75,000.

10. On or about October 1, 2006, while said cargo was in the custody of Hill, the tractor, trailer and cargo was stolen. The tractor (VIN FUYDXYB7YLF17100) was recovered. The trailer and aluminum was not recovered.

11. That this loss was timely reported through the Defendants, G.T.U. and Bolivar, to Canal but Canal has refused to provide coverage.

12. Truck (tractor) with VIN FUYDXYB7YLF17100 was originally added to Canal's policy number MTC089804 by Change of Vehicle Endorsement with an effective date of January 4, 2006. See attached Exhibits 1 and 2.

13. Policy number MTC089804 expired on June 29, 2006 and was replaced by Canal's policy number MTC339421 effective June 29, 2006 to June 29, 2007.

14. At the time the Canal policy was renewed (June 29, 2006) Hill supplied Bolivar with the Vehicle Identification Number of the four (4) tractors owned by Hill on the date the application for renewal was submitted, including tractor number FUYDXYB7YLF17100.

15. When Bolivar received from G.T.U. the new policy, MTC339421, it noted that tractor number FUYDXYB7YLF17100 was not listed on the policy but that a vehicle with VIN FUYDXY137YLF17777 was listed. Hill asserts that it provided Bolivar with the correct VINs of all of its trucks/tractors and that either Bolivar transmitted the incorrect VIN or G.T.U. mistranscribed the VIN and had the policy issued showing VIN FUYDXYB7YLF17777 instead of VIN FUYDXYB7YLF17100 which was the correct VIN on the tractor which was added on January 4, 2006 and which had never been deleted. See attached Exhibit 3.

16. Bolivar brought this mistake to the attention of G.T.U. through an email messages sent on July 12, 2006 and a correction was requested. See attached Exhibit 4.

17. On August 8, 2006 G.T.U. sent a request to Bolivar for a verification of the VIN's on Hill's tractors "due to incomplete or incorrect VIN". Bolivar sent the requested information to G.T.U. on August 12, 2006. G.T.U. never requested any follow up data or information. G.T.U. failed to take any steps to correct the policy to reflect the actual VIN on the subject tractor. See attached Exhibit 5.

26442

3

18. That Canal's failure to provide the coverage provided by its policy has resulted in Hill being named as a party defendant and cross-defendant in the United States District Court for the Southern District of New York and to incur additional expenses and attorney fees to defend that lawsuit.

19. That Canal has denied coverage contending that the tractor (and trailer) involved was not a listed vehicle on the policy despite two specific written communications dated July 12, 2006 and August 12, 2006 setting forth the Vehicle Identification Number (VIN) on the 2000 Freightliner which communications were sent by and between Bolivar and G.T.U..

20. That the denial of coverage by Canal is not justified under the facts and was not made in good faith, and is a violation of the fiduciary duty it owes to the Plaintiff as a premium paying insured.

21. That as a result of Canal's bad faith in refusing to provide the coverage to Hill as provided for in the contract existing between these parties, Hill has suffered additional expenses, loss of time in dealing with claims made against it as well as court costs and attorney fees.

22. That Hill asserts that it is entitled to recover, in addition to the loss incurred and interest, an additional twenty-five (25%) percent of such sum pursuant to T.C.A. §56-7-105(a).

23. That Hill assert that Canal's refusal to provided coverage and its refusal to pay for the lost cargo is vexations and without reasonable cause and entitles it to recover attorney fees as provided for in T.C.A. §56-7-105(b).

24. That Hill charges and avers that Canal acted unfairly and was deceptive in its refusal to provide coverage under its policy of insurance with the Plaintiff and therefore its in violation of the provisions of the Consumers Protection Act, T.C.A. §47-18-109 and therefore

4

26442

asserts that it is entitled to reasonable attorney fees, expenses and an award of three (3) times the actual damages sustained.

PREMISES CONSIDERED, Plaintiff, Hill's Trucking, Inc., prays:

1. That proper process issue and be served upon the Defendants and that the Defendants be required to properly respond or a default judgment be entered against them.

2. That at the trial of this case the Plaintiff be granted a judgment against the Defendants jointly and/or severally for the sum of $90,000.

3. That in addition the Plaintiff demands from Canal, pursuant to T.C.A. §56-7-105(a) and 56-7-105(b) the statutory penalty of twenty-five (25%) percent of the loss incurred and interest and reasonable attorney fees.

4. That in addition the Plaintiff demands from Canal treble damages and reasonable attorney fees for its violation of T.C.A. §47-18-109.

5. For such further relief as the Court deem appropriate under the circumstances.

Respectfully Submitted,

RUSSELL X. THOMPSON   (#008119)
5100 Poplar Avenue, Suite 2700
Memphis, Tennessee 38137
(901) 322-6013

ROBERT L. GREEN   (#007849)
Allen, Summers, Simpson, Lillie & Gresham, PLLC
80 Monroe Avenue, Suite 650
Memphis, Tennessee 38103
(901) 763-4200

ATTORNEYS FOR PLAINTIFFS