UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| FORTIS CORPORATE INSURANCE as subrogee of EMPIRE RESOURCES, INC., :<br><br>    Plaintiff, :<br><br>    v. :<br><br>TOTAL QUALITY LOGISTICS, INC. and HILL'S TRUCKING, INC., :<br><br>    Defendants. : | Hon. Victor Marrero, U.S.D.J.<br><br>07 Civ. 03731 (VM) |

TOTAL QUALITY LOGISTICS, INC.,      :

    Third-Party Plaintiff,      :

    v.      :

BOLIVAR INSURANCE AND REAL ESTATE, :
INC. and CANAL INSURANCE CO.,

    Third-Party Defendants.
    :

---

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF THEIR MOTION TO STAY LITIGATION IN DEFERENCE TO
THE PENDING TENNESSEE ACTION**

---

SILLS CUMMIS & GROSS, P.C.
Attorneys for Defendant
Hill's Trucking, Inc.
One Rockefeller Plaza
New York, New York 10020
(212) 643-7000

## **PRELIMINARY STATEMENT**

Both the action before this Court and the action pending in Tennessee arise from the same operative facts – the theft of a shipment of aluminum coils in an amount claimed to be $75,000. Both actions seek to identify who is ultimately responsible for the loss.

The party who owned the aluminum coils, Empire Resources, Inc., has had an opportunity to resolve this loss with its insurance carrier, Fortis Corporate Insurance, the plaintiff herein. All the defendants ask is that they be afforded the same opportunity to resolve this loss with their insurance carrier (and their agents). Once this is done, resolution of the New York action will be a *fait accompli*.

In its opposition papers, plaintiff attempts to advance its view of how the facts of this action fit within the factors courts usually consider when determining whether a stay is appropriate. While defendants disagree with plaintiff's analysis, it is important to highlight two key concepts not addressed by plaintiff: (1) the Tennessee action has progressed very far along with all parties appearing, whereas, in contrast the New York action has not advanced, and not all parties have appeared; and (2) given the amount in dispute, the legal expenses and costs involved, the Tennessee action will, by necessity, resolve the New York action.

Accordingly, common sense begs that the New York action be stayed (along with the costs associated with retaining New York law firm), until the Tennessee action comes to a resolution this Spring.[1]

---

[1] Total Quality Logistics, in a separate supplemental reply, will address the issues raised in plaintiff's opposition unique to that defendant.

2

## ARGUMENT

The New York action and the Tennessee action both raise the same question: "Who bears the loss for stolen aluminum coils valued at about $75,000?" In a more economical forum, and in a more advanced proceeding, this question is being actively evaluated, and should be answered by Spring, 2008.

Indeed, not only is the theft of the aluminum coils alleged in the complaint of Hill's Tennessee action, but it also specifically references the New York action:

> That Canal's failure to provide the coverage provided by its policy has resulted in Hill being named as a party defendant and cross-defendant in the United States District Court for the Southern District of New York and to incur additional expenses and attorney fees to defend that lawsuit.

See ¶ 18 of Hill's Complaint in the Tennessee action, attached as Exhibit 1 to the Affidavits of Robert L. Green, dated February 6, 2008.

It is absolutely true that plaintiff is not a party to the Tennessee action (although it has been invited to participate). But plaintiff doesn't have to be a party to the Tennessee action, just as it doesn't need to participate in the third party claims of the New York action. There is no reason for plaintiff to be concerned with who is responsible for the loss, as long as someone is found responsible, and that party provides compensation for the loss.

The New York action names two defendants, one of which is Hill's. Hill's never had any contractual relationship with Fortis, nor it's insured, Empire Resources, Inc., and therefore there is no basis for Fortis' subrogation claim. Rather than incur additional legal expenses by filing a dispositive motion, Hill's followed the more prudent (and economical) course of having the issue of responsibility determined in its home state, Tennessee, against its Tennessee insurance agent, and its insurance carrier. The party

3

with whom Hill's did have a contractual relationship with, co-defendant Total Quality Logistics, Inc. (who asserted a cross-claim in the New York action), agreed with this course of action, consented to the stay, and recognized that it too need not be a party to the Tennessee action.

In its motion to stay the New York action, defendants do not ask that this Court abstain from exercising its jurisdiction under *Colorado River* abstention and its progeny. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976). Rather, defendants respectfully ask this Court to invoke the less stringent remedy of a temporary stay of this action. Accordingly, the factor of having the same parties in both actions – something considered by a court in evaluating both an abstention and a stay request – is not a prerequisite for invoking a stay. Indeed, even under the more stringent *Colorado River* abstention doctrine, this Court has recognized the need for flexibility in evaluating this factor and recognizing that this factor may be met when "substantially" the same parties litigating "substantially" the same issues in different forum. *See Hamilton v. Houser*, 2007 U.S. Dist. LEXIS 4441 (S.D.N.Y. 2007) (Marrero, J.). Once responsibility is allocated in Tennessee among the parties in that action (as opposed to having that determined in the third party aspect of the New York action), economic practicalities would demand a settlement of the subrogee's claims.

Plaintiff contends that four months is too long to wait, and that plaintiff desires to advance the New York action. However, it does not appear that plaintiff has done anything in the New York action to compel the occurrence of the upcoming Rule 16 conference and proposed scheduling order. Rather, it appears that the Court has

4

scheduled this on its own volition. Moreover, as discussed above and in the defendants' prior submission, the Tennessee action is well-advanced, while the New York action, with duplicative issues, has yet to really begin. Indeed, the two third-party defendants have not yet appeared in the New York action (although they are actively engaged in the Tennessee action). It would be a tremendous waste of resources (both judicial and those of the parties) to engage in this litigation when the Tennessee action is so close to finality and when the New York action is in its infancy.

Clearly, the relief available in the Tennessee forum will have a direct effect on resolution of the New York action. The fact that plaintiff is not involved in the Tennessee action does not obviate the Tennessee action's ultimate determination on who is culpable for the plaintiff's loss.

Plaintiff also does not articulate how it will be prejudiced, other than having to wait a mere four months for the Tennessee action to resolve. Certainly, it will not lose any rights or expend money for legal fees and expenses; if anything, plaintiff will benefit from the determination of who is responsible. On the other hand, a "Mom & Pop" operation like Hill's will suffer greatly if it must engage in a duplicative New York action, while litigation over the same issues are so considerably advanced in the Tennessee action.

Plaintiff asks defendants for a "guarantee," and while the defendants can assure the plaintiff that they will resolve the New York action if they are found culpable in Tennessee, they cannot make such guarantees over parties that they have no control over – *i.e.*, the New York third party defendants/Tennessee defendants.

The real issue at the heart of both litigations is who is responsible for the loss. This specifically relates to a contract of insurance that was obtained within the State of Tennessee. Therefore, as to convenience of parties, the Tennessee forum is the more convenient forum. In addition, there is an added benefit of reduced costs in prosecuting a state action in Tennessee as compared to a federal action in New York. The costs associated with this very motion by the parties, and the potential of attendance at a Rule 16 conference, only further serve to support how much attorney time and costs are spent for a case worth, at most, $75,000.

Weighing the equities, the factors favor a brief stay until the more-advanced Tennessee action is resolved.

## CONCLUSION

For all of the foregoing reasons, and the reasons set forth in the defendants' initial motion, defendants respectfully request that this Court enter an Order staying this action in its entirety pending completion of the more advanced pending Tennessee action.

Dated: New York, New York
February 12, 2008

_____
Bennet Susser (BS-7799)
SILLS CUMMIS & GROSS, P.C.
One Rockefeller Plaza
New York, New York 10020
Phone: (212) 643-7000
Fax:    (212) 643-6500
bsusser@sillscummis.com
*Attorney for Defendant*
*Hill's Trucking, Inc.*


     /s/
_____
Sung Yong Ahn (SA-3773)
PAK & CHO, P.C.
1222 Anderson Avenue
Fort Lee, New Jersey 07024
Phone: (201) 886-0200
Fax:    (201) 886-0111
ahn@pakcho.com
*Attorney for Defendant/Third Party Plaintiff,*
*Total Quality Logistics, Inc.*

Charles M. Miller (*Pro hac vice*)
KEATING MUETHING & KLEKAMP, PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6967
Fax: (513) 579-6457
cmiller@kmklaw.com
*Attorney for Defendant / Third-Party Plaintiff,*
*Total Quality Logistics, Inc.*