UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FORTIS CORPORATE INSURANCE as subrogee of EMPIRE RESOURCES, INC., :<br><br>　　　　Plaintiff,　　　　　　　　　　　:<br><br>　　v.　　　　　　　　　　　　　　　　:<br><br>TOTAL QUALITY LOGISTICS, INC. and<br>HILL'S TRUCKING, INC.,　　　　　　　:<br><br>　　　　Defendants.　　　　　　　　　:<br><br>TOTAL QUALITY LOGISTICS, INC.,　　　:<br><br>　　　　Third-Party Plaintiff,　　　　　:<br><br>　　v.　　　　　　　　　　　　　　　　:<br><br>BOLIVAR INSURANCE AND REAL ESTATE, :<br>INC. and CANAL INSURANCE CO.,<br>　　　　　　　　　　　　　　　　　　:<br>　　　　Third-Party Defendants.　　　:<br>　　　　　　　　　　　　　　　　　　: | Hon. Victor Marrero, U.S.D.J.<br><br>07 Civ. 03731 (VM) |

**DEFENDANT TOTAL QUALITY LOGISTICS, INC.'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANTS' JOINT MOTION TO STAY LITIGATION
IN DEFERENCE TO THE PENDING TENNESSEE ACTION**

KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202

PAK & CHO, P.C.
1222 Anderson Avenue
Fort Lee, New Jersey 07024

*Attorneys for Defendant / Third-Party Plaintiff,
Total Quality Logistics, Inc.*

## **PRELIMINARY STATEMENT**

The Tennessee litigation will resolve this matter. The insurance coverage issues being litigated in Tennessee are straight forward. The legal issues surrounding that Plaintiff Fortis Corporate Insurance's ("Fortis Insurance") claims against Defendant/Cross-claimant/Third-Party Plaintiff Total Quality Logistics, Inc. ("TQL"), and TQL's third-party claims against Hill's Trucking, Inc. ("Hill's Trucking") insurer, are complex. For example, the $63,404.61 claim against TQL does not meet the jurisdictional threshold of this court. Moreover, the court will have to decide whether Fortis Insurance's counsel, who is its only witness to the alleged settlement, can testify and represent Fortis Insurance in this matter. These issues will need to be resolved before the case advances any further. Resolution of these issues at this time, however, is unnecessary because resolution of the Tennessee litigation will effectively resolve this case. Judicial economy demands that this matter be stayed pending resolution of the Tennessee litigation.

## **ARGUMENT**

Fortis Insurance needlessly complicated its straight forward claim against Hill's Trucking by asserting a breach of settlement claim against TQL—a claim over which this court does not possess subject matter jurisdiction. In response to Fortis Insurance's claim, Hill's Trucking has taken the necessary action to resolve which entity is ultimately responsible for reimbursing Fortis Insurance for the amount it paid its insured (presumably $63,404.61). Initially, Fortis Insurance wisely agreed to await resolution of the coverage case rather than expend valuable resources fighting a battle that need not be waged. Prompted by the scheduling of the case management conference, Fortis Insurance needlessly recanted its agreement and found a sudden sense of urgency in having this case proceed simultaneously with the coverage matter.

If this case were to proceed now, TQL would file a motion requesting the court decline to exercise jurisdiction over the claims against TQL. The $63,404.61 claim clearly does not meet the diversity jurisdiction threshold. The claim against TQL was brought to enforce an alleged settlement agreement. TQL contends that there was never a meeting of the minds nor a settlement. The only facts relevant to that claim are those surrounding the alleged negotiation. The facts surrounding the aluminum being stolen from Hill's Trucking are immaterial. Accordingly, TQL will request the court decline to exercise jurisdiction over the claim asserted against it.

If this case advances now, TQL would also be forced to raise the sensitive issue of the appropriateness of Fortis Insurance's counsel continuing its representation in this case. Fortis Insurance alleges that its attorneys herein negotiated and entered into a settlement agreement with TQL. There are no allegations that anyone from Fortis Insurance participated in the settlement negotiations. Roman Badiak, the first named partner at Badiak & Will, is the primary,

if not only, witness that Fortis Insurance can proffer on the claim against TQL. For obvious reasons, TQL will file a motion to disqualify plaintiff's counsel if the case moves forward.

Moreover, if this litigation goes forward now, insurance coverage issues similar to those being resolved in Tennessee will be litigated here. TQL has alleged that Hill's Trucking's insurer, Canal Insurance Co., and its insurance agent, Bolivar Insurance and Real Estate, Inc, are equitably estopped from claiming that the stolen tractor-trailer was not covered by the insurance policy Canal Insurance issued to Hill's Trucking. It would be a waste of judicial and party resources to litigate these issues here when the Tennessee case will soon be resolved.

Proceeding with this case now will not advance the resolution of this matter because the Tennessee litigation will effectively determine this case long before this case is resolved. Significant time and resources will be expended here to resolve the procedural issues, including those discussed above, before discovery can begin in earnest and this case advanced. The best course, is to continue down the path that the parties—including Plaintiff Fortis Insurance—voluntarily and consensually undertook. This case should stand idle until the Tennessee litigation is resolved.

## CONCLUSION

Defendant/Cross-claimant/Third-Party Plaintiff Total Quality Logistics, Inc. respectfully requests this court STAY this matter pending resolution of the Tennessee litigation.

Dated: Cincinnati, Ohio
      February 14, 2008

 

_____
Charles M. Miller (*Pro hac vice*)
KEATING MUETHING & KLEKAMP, PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6967
Fax: (513) 579-6457
cmiller@kmklaw.com

Sung Yong Ahn (SA-3773)
PAK & CHO, P.C.
1222 Anderson Avenue
Fort Lee, New Jersey 07024
Phone: (201) 886-0200
Fax:    (201) 886-0111
ahn@pakcho.com

*Attorneys for Defendant / Cross-claimant / Third Party Plaintiff,
Total Quality Logistics, Inc.*

2376689.1