UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X Docket No.: 07-03731
FORTIS CORPORATE INSURANCE as
Subrogee of EMPIRE RESOURCES, INC.,

                Plaintiff,
     -against-                                    **THIRD-PARTY ANSWER**

TOTAL QUALITY LOGISTICS, INC., et al.,

              Defendant/Third-Party Plaintiff,
     -against-

BOLIVAR INSURANCE AND REAL ESTATE, INC.
800 West Market Street
P.O. Box 609
Bolivar, Tennessee 38008,
            And

CANAL INSURANCE CO.
400 East Stone Avenue
P.O. Box 7
Greenville, South Carolina 29602-0007

              Third-Party Defendants

------------------------------------------------------------------------X
SIRS:

     **PLEASE TAKE NOTICE** that third-party defendant, CANAL INSURANCE CO. (hereinafter "Third-Party Defendant"), answering the third-party complaint by their attorneys, McELFISH LAW FIRM, respectfully allege as follows upon information and belief:

     1.    Third-Party Defendant denies, upon information and belief, the truth of the allegations contained in paragraph designated as "1" and reserve and refer all questions of law to the Court.

2. Third-Party Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of the third-party's complaint and reserve and refer all questions of law to the Court.

3. Third-Party Defendant admit the allegations contained in paragraph "3" of the third-party's complaint.

4. Third-Party Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the third-party's complaint and reserve and refer all questions of law to the Court.

5. Third-Party Defendant denies, upon information and belief, the truth of the allegations contained in paragraph designated as "5" and reserve and refer all questions of law to the Court.

6. Third-Party Defendant denies, upon information and belief, the truth of the allegations contained in paragraph designated as "6" and reserve and refer all questions of law to the Court.

7. Third-Party Defendant admit the allegations contained in paragraph "7" of the third-party's complaint.

## COUNT I- DETRIMENTAL RELIANCE

8. Third-Party Defendant repeats, reiterates and re-alleges each and every answer heretofore made with respect to the allegations contained in paragraphs designated "1" through "8" with the same force and effect as if here fully set forth.

9. Third-Party Defendant denies, upon information and belief, the truth of the allegations contained in paragraph designated as "9" and reserve and refer all questions of law to the Court.

10. Third-Party Defendant denies, upon information and belief, the truth of the allegations contained in paragraph designated as "10" and reserve and refer all questions of law to the Court.

11. Third-Party Defendant denies, upon information and belief, the truth of the allegations contained in paragraph designated as "11" and reserve and refer all questions of law to the Court.

## COUNT II- ESTOPPEL

12. Third-Party Defendant repeats, reiterates and re-alleges each and every answer heretofore made with respect to the allegations contained in paragraphs designated "1" through "12" with the same force and effect as if here fully set forth.

13. Third-Party Defendant denies, upon information and belief, the truth of the allegations contained in paragraph designated as "13" and reserve and refer all questions of law to the Court.

14. Third-Party Defendant denies, upon information and belief, the truth of the allegations contained in paragraph designated as "14" and reserve and refer all questions of law to the Court.

### AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

15. The Third-Party Plaintiff's complaint fails to state a claim against Third-Party Defendant upon which relief can be granted.

### AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

16. This answering Third-Party Defendant was excused from having to perform its obligations under the contract because certain contractual conditions, which

were required to occur first, never in fact occurred.

### AS AND FOR A THIRD, SEPARATE
### AND DISTINCT AFFIRMATIVE DEFENSE

17. Third-Party Plaintiff's claims are barred in whole or in part by the exclusions, limits of liability and other terms and conditions contained in the policy of insurance issued by this answering Third-Party Defendant as applied to the facts of this case.

### AS AND FOR A FOURTH, SEPARATE
### AND DISTINCT AFFIRMATIVE DEFENSE

18. This answering Third-Party Defendant denies the genuineness and due execution of any and all documents upon which Third-Party Plaintiff relies in support of the contentions in its Complaint.

### AS AND FOR A FIFTH, SEPARATE
### AND DISTINCT AFFIRMATIVE DEFENSE

19. The damages sustained by the Third-Party Plaintiff, if any, were proximately caused by the negligence of others not under the control of this answering Third-Party Defendant, which negligence bars or diminishes the recovery, if any, of Third-Party Plaintiff against this answering Third-Party Defendant.

### AS AND FOR A SIXTH, SEPARATE
### AND DISTINCT AFFIRMATIVE DEFENSE

20. The damages sustained by Third-Party Plaintiff, if any, were proximately caused by the intervening and superseding actions of others not under the control of this answering Third-Party Defendant which bar and/or diminish the recovery, if any, of Third-Party Plaintiff against this answering Third-Party Defendant.

**AS AND FOR A SEVENTH, SEPARATE
AND DISTINCT AFFIRMATIVE DEFENSE**

21.     The purported claims and causes of action contained in the Complaint require for their complete adjudication, the presence of additional necessary or indispensable parties, without whom the purported claims and causes of action cannot be fully, finally and completely resolved.

**AS AND FOR AN EIGHTH, SEPARATE
AND DISTINCT AFFIRMATIVE DEFENSE**

22.     This answering Third-Party Defendant denies any wrongdoing, but alleges that in any event Third-Party Plaintiff is barred from any recovery for the acts alleged in the Complaint on file herein because Plaintiff was in pari delicto and otherwise culpable of unclean hands.

**AS AND FOR A NINTH, SEPARATE
AND DISTINCT AFFIRMATIVE DEFENSE**

23.     If any damages are recoverable against answering Third-Party Defendant, the amount of such damages, if any, must be diminished by the amount of funds that the Third-Party Plaintiff has or shall receive from collateral sources.

**AS AND FOR A TENTH, SEPARATE
AND DISTINCT AFFIRMATIVE DEFENSE**

24.     That if this answering Third-Party Defendant is found liable, any such liability specifically being denied, the liability, if any, of this answering Third-Party Defendant shall be limited to its equitable share.

**AS AND FOR AN ELEVENTH, SEPARATE
AND DISTINCT AFFIRMATIVE DEFENSE**

25.     The Third-Party Plaintiff failed to give proper notice to this Third-Party Defendant of the alleged breach, if any, prior to filing this lawsuit, and failure to give

such notice deprived this defendant of the opportunity to timely correct any such alleged breach.

### AS AND FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

26. Third-Party Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, negligence, or any other conduct, if any, as set forth in its Complaint.

### AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

27. This answering Third-Party Defendant is informed and believes and thereon alleges that the Third-Party Plaintiff engaged in conduct and activities with respect to the subject matter of this action, including but not limited to its failure to procure appropriate insurance coverage, which estop the Third-Party Plaintiff from asserting any claims or damages or seeking any relief against this answering Third-Party Defendant.

### AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

28. Third-Party Plaintiff has failed to mitigate, minimize or avoid any damages it allegedly sustained, and any recovery against this answering Third-Party Defendant must be reduced accordingly.

### AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

29. Third-Party Plaintiff's claims are barred in whole or in part, as the sums claimed by Third-Party Plaintiff as damages are unreasonable and excessive, and were incurred without affording Third-Party Defendant any opportunity to investigate.

**AS AND FOR A SIXTEENTH, SEPARATE
AND DISTINCT AFFIRMATIVE DEFENSE**

30.     Third-Party Plaintiff TOTAL QUALITY LOGISTICS, INC., failed to mitigate all damages, if any.

**AS AND FOR A SEVENTEENTH, SEPARATE
AND DISTINCT AFFIRMATIVE DEFENSE**

31.     This answering Third-Party Defendant, is informed and believes, and based upon such information and belief alleges, that the Complaint on file herein and each purported cause of action contained therein, was brought without reasonable care and without a good faith belief that there was a justiciable controversy under the facts and the law which warranted filing the Complaint against this answering Third-Party Defendant, and that Third-Party Plaintiff is therefore liable to this Third-Party Defendant for all necessary and reasonable defense costs, including attorney's fees, incurred by this Third-Party Defendant.

**AS AND FOR AN EIGHTEENTH, SEPARATE
AND DISTINCT AFFIRMATIVE DEFENSE**

32.     Third-Party Defendant has retained the McElfish Law Firm to represent them in this action and have incurred, and will incur, further reasonable attorney's fees and costs in connection with said representation.  As a result of the acts and omissions alleged, Third-Party Plaintiff is liable to reimburse this answering Defendant for all reasonable fees and costs so incurred.

**AS AND FOR A NINETEENTH, SEPARATE
AND DISTINCT AFFIRMATIVE DEFENSE**

33.     Third-Party Plaintiff's claims against this Third-Party Defendant are barred, as Third-Party Defendant CANAL INSURANCE CO. complied with all federal, state and

local laws and regulations at all times applicable herein, thereby barring any recovery by the plaintiff.

### AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

34.     This Third-Party Defendant violated no legal duty owing by CANAL INSURANCE CO. to the Third-Party Plaintiff TOTAL QUALITY LOGISTICS, INC.

### AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANT BOLIVAR INSURANCE AND REAL ESTATE, INC.

35.     If Third-Party Plaintiff sustained damages in the manner alleged in the Complaint, all of which is specifically denied by Third-Party Defendants CANAL INSURANCE CO., then such damages were caused by reason of the negligence, carelessness and recklessness of co-defendants BOLIVAR INSURANCE AND REAL ESTATE, INC.

36.     If Third-Party Plaintiff sustained damages in the manner alleged in the Complaint, all of which is specifically denied by Third-Party Defendants CANAL INSURANCE CO., then such damages are recoverable from co-defendants BOLIVAR INSURANCE AND REAL ESTATE, INC. and Third-Party-Defendants CANAL INSURANCE CO., are entitled to judgment over and against BOLIVAR INSURANCE AND REAL ESTATE, INC..

37.     If Third-Party Plaintiff sustained damages in the manner alleged in the Complaint, all of which is specifically denied, then Third-Party Defendants CANAL INSURANCE CO. are entitled to contribution, and common law and contractual indemnification from, and judgment over and against co-defendants, BOLIVAR INSURANCE AND REAL ESTATE, INC., for the full amount of any judgment which may

be obtained against Third-Party Defendants CANAL INSURANCE CO., and in such amount as the Court may direct, together with all costs and attorneys fees.

38. Co-defendants BOLIVAR INSURANCE AND REAL ESTATE, INC. are obligated to defend indemnify and hold harmless Third-Party Defendants CANAL INSURANCE CO., as a result of the alleged incident of October 1, 2006, and the transactions and contracts entered into prior to such date.

39. Third-Party Defendants CANAL INSURANCE CO., are entitled to judgment on the cross-claims against co-defendants BOLIVAR INSURANCE AND REAL ESTATE, INC..

**WHEREFORE**, the Third-Party Defendants CANAL INSURANCE CO., demand judgment dismissing Third-Party Plaintiff's Complaint in its entirety and awarding Third-Party Defendants CANAL INSURANCE CO,. attorney's fees, costs and disbursements of this action, and for judgment on its cross-claims, and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 5, 2008

Yours, etc.

_____
By: Teresa A. Gruber, Esq.
McELFISH LAW FIRM
Attorneys for Third-Party Defendants
CANAL INSURANCE CO.
350 Fifth Avenue, Suite 1729
New York, New York 10118
(212) 307-5100
File No.: 33-111

TO:   S. Henry Cho, Esq.
      PAK & CHO, P.C.
      Attorneys for Defendant/Third-Party Plaintiff,
      Total Quality Logistics, Inc.
      230 Park Avenue
      Suite 1000
      New York, New York 10169
      (212) 268-3607

      Charles M. Miller
      Attorney for Defendant/Third-Party Plaintiff,
      Total Quality Logistics, Inc.
      One East Fourth Street, Suite 1400
      Cincinnati, Ohio 45202
      (513) 579-6967

<u>VERIFICATION</u>

STATE OF NEW YORK        )
                         ) SS.:
COUNTY OF NEW YORK       )

TERESA A. GRUBER, being duly sworn, deposes and says:

That I the attorney of record for the third-party defendants CANAL INSURANCE CO. in the within action; that I have read the foregoing **THIRD-PARTY ANSWER** and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters I believe it to be true.

The reason this Verification is made upon the deponent and not by the answering defendant is that said defendant is not within the County in which deponent has her office, and that the facts set forth herein are upon information and belief derived from the records and papers in deponent's office.

Dated: New York, New York
       February 5, 2008

_____
TERESA A. GRUBER, ESQ.