## BADIAK & WILL, LLP

*Attorneys and Proctors in Admiralty*

TELEPHONE: (516) 877-2225
TELEFAX: (516) 877-2230/2240
E-MAIL: ADMIRALAW@AOL.COM

106 THIRD STREET
MINEOLA, NY 11501-4404

FLORIDA OFFICE:
BADIAK, WILL & KALLEN
17071 WEST DIXIE HIGHWAY
NORTH MIAMI BEACH, FL 33160

February 11, 2008

**VIA TELEFAX AND ECF - 212-805-8382**

Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York, 10007

**COURTESY COPY**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-19-08

RE: Fortis Corporate Insurance a/s/o Empire Resources, Inc. V.
Total Quality Logistics, Hills Trucking, Inc.
Index No.: 07 Civ. 3731 (VM)
Our Ref.: 07-E-002 RB/LS

Dear Judge Marrero:

We represent plaintiff in the above-referenced matter which seeks recovery for a subrogated cargo claim.

On February 8, 2008, we submitted a short letter to the Court opposing defendants' request to adjourn the February 15, 2008 Initial Rule 16 Case Management Conference until defendants' motion to stay this litigation in deference to a Tennessee mediation was decided. As directed by the Court on February 8, 2008, we submit this letter brief in further opposition to defendants' request and to elaborate on our objections to any adjournment of the Conference or further delays of this proceeding.

The underlying facts giving rise to this dispute are as follows: In or about September, 2006, Empire Resources, Inc., ("Empire"), plaintiff's subrogor, contracted with defendant Total Quality Logistics, Inc. ("TQL") to transport a shipment of aluminum coils. TOL, in turn, contracted with defendant Hill's Trucking Inc. ("Hill's"). The shipment was stolen while in Hill's custody and never

Honorable Victor Marrero
United States District Judge
Southern District of New York
February 11, 2008
Page 2

recovered. These essential facts are admitted by Hill's.[1]

    A claim was presented on TQL on January 16, 2007. On January 23, 2007, TQL agreed to settle this matter in the amount of $63,404.61 in exchange for a release and assignment provided by TQL. This agreement was confirmed by letter dated January 23, 2007. TQL forwarded their *own* document on their *own* letterhead entitled "Release and Assignment." This Release and Assignment was duly executed on Empire's behalf and returned to TQL on February 8, 2007. However, TQL breached the settlement agreement and never forwarded settlement funds, despite having been sent at least two written reminders. Upon information and belief, TQL reneged on the settlement agreement because it was having difficulty seeking indemnity against Hill's. This lawsuit ensued alleging causes of action for breach of contract (based upon the settlement agreement) and, alternatively, for the full amount of the stolen cargo (estimated at $75,500.00), based upon defendants' breaches of their obligations as common carriers and bailees of cargo, as well as a breach of contract for failure to deliver the cargo as agreed.

    Thereafter, Hill's filed an action in a Tennessee state court against its insurers seeking a determination of coverage -- an issue entirely different from those before this Honorable Court. Additionally, the plaintiff in this action is not a party to the Tennessee proceeding.

    When the Tennessee lawsuit was commenced, we were requested by Robert Green, Hill's counsel in the Tennessee action, to delay prosecution of this matter. We agreed and complied with Mr. Green's request for more than 7 months, hoping the Tennessee matter would be quickly and favorably resolved. However, we were recently advised that settlement was not reached in the Tennessee suit, and the Tennessee Court has now ordered the matter to mediation which is scheduled to occur no earlier than June, 2008. In light of this development and further delay of an adjudication of the coverage issue, plaintiff now wishes to proceed with this litigation to effect recovery for its

---

[1]Subsequent to the filing of this action, Hill's commenced an action in a Tennessee State Court against its insurers for their denial of coverage. That complaint, at ¶ 8, alleges that Hill's contracted with TQL to transport Empire's cargo. The Tennessee complaint further alleges, at ¶ 10, that "while said cargo was in the custody of Hill, the tractor, trailer and cargo was [sic] stolen. The tractor . . . was recovered. The trailer and aluminum was [sic] not recovered." These statements constitute judicial admissions binding upon Hill's. *United States v. McKean*, 738 F.2d 26 (2nd Cir. 1984).

    A copy of the complaint filed in the Tennessee action is annexed to the Joint Letter filed by the parties on February 8, 2008 and also as Exhibit 1 to the Affidavit of Robert L. Green dated February 6, 2008 submitted in support of defendants' motion to stay this action in deference to the Tennessee mediation.

Honorable Victor Marrero
United States District Judge
Southern District of New York
February 11, 2008
Page 3

loss.

    Plaintiff opposes defendants' request for an adjournment of the February 15, 2008 conference, and further opposes defendants' motion for a stay of this litigation in deference to the Tennessee mediation. (Plaintiff filed an Affidavit and Memorandum of Law in Opposition to defendants' motion to stay this litigation on February 8, 2008).

    Plaintiff has already been severely prejudiced by delaying prosecution of this matter. The loss occurred almost 1 ½ years ago and the parties do not seriously dispute that the shipment was stolen while in the care of the defendants. Moreover, this matter was settled with TQL more than a year ago, as evidenced by the Release and Assignment (on TQL's own letterhead) that was duly executed on Empire's behalf. This litigation ensued because TQL reneged on the settlement agreement after it was unable to recover from Hill's due to the problems Hill's was having with its insurers over coverage. Thereafter, Hill's commenced the Tennessee proceeding against its insurers on the coverage issue. Although this litigation was commenced prior to the Tennessee proceeding, plaintiff agreed to delay prosecution here for more than 7 months in order to allow for a settlement in Tennessee. Surely, plaintiff has been more than patient awaiting a resolution to the Tennessee matter and should now be entitled to have its day in court in the forum of its choice. For these reasons, plaintiff opposes any additional delays, and further opposes defendants' request to adjourn the conference.

    Additionally, plaintiff opposes defendants' motion to stay this litigation in deference to the Tennessee mediation on several grounds. The factors considered by a Court within this district when considering a motion to stay are set forth in *Van Wagner Enterprises, LLC v. Brown,* 367 F. Supp.2d 530 (S.D.N.Y. 2005).

    First and foremost, there is no identity of parties or issues between the two proceedings. **Plaintiff is not a party to the Tennessee** mediation and the issue there is one of insurance coverage. Moreover, the two disputes do not arise from a common nucleus of operative facts. Thus, since plaintiff's interests are not represented in the Tennessee mediation, there is no adequate relief available to plaintiff in that forum. Therefore, this action should not be stayed in deference to that proceeding.

    Second, clearly, there is no likelihood of a prompt resolution of the Tennessee mediation. Too much time has already passed and, as represented by defendants, that proceeding is not expected to *begin* until June, 2008, at the earliest.[2] There is no indication of how long the mediation will last

---

[2]In Defendants' Memorandum of Law in Support of Their Motion to Stay Litigation in Deference to The Pending Tennessee Action, defendants state, at page 2, "The Tennessee action

and when a decision is expected to be rendered. If this litigation is stayed and the Tennessee matter is not resolved in Hill's favor, then plaintiff would be required to begin litigating this matter perhaps six months or more from now. Given the time that has already lapsed in connection with this matter, it is respectfully submitted that it would be prejudicial and unconscionable to expect plaintiff to delay its recovery any further.

Next, not only would plaintiff be severely prejudiced by any further delays, as discussed above, but it would also be unjustly inconvenienced. Plaintiff, as is its prerogative, has chosen to have its rights litigated in this forum and by this Court. This right should not be lightly done away with by a stay of this litigation in deference to a Tennessee mediation which will not occur for at least another 4 months, and in which plaintiff herein is not even a party and with which there is no identity of issue. Such a result is unjust and should not be sanctioned by this honorable Court.

Finally, considerations of comity dictate against a stay of this litigation. Defendants are requesting a stay of this Federal Court lawsuit, which was commenced first in time, in deference to a Tennessee *mediation* in which plaintiff is not even a party and in which there is no identity of issues or even a common nucleus of operative facts. It is respectfully submitted that principles of comity do not contemplate sanctioning a stay under the facts and circumstances of this matter.

For all the foregoing reasons, plaintiffs respectfully request that defendants' request to adjourn the February 15, 2008 conference be denied, and, further, that the defendants' request to stay this litigation in deference to a Tennessee mediation be denied.

We thank the Court for its kind attention to this matter.

Respectfully submitted,

BADIAK & WILL, LLP

LISA A. SCOGNAMILLO

> The Clerk of Court is directed to place this case on the Court's Suspense Docket pending the results of mediation proceeding in a related action in Tennessee state court. The parties are directed to advise the Court within 120 days of the status of the action.
>
> SO ORDERED:
> 2-15-08
> VICTOR MARRERO, U.S.D.J.

is subject to a Scheduling Order which requires that a mediation be held on or about June 1, 2008."

Honorable Victor Marrero
United States District Judge
Southern District of New York
February 11, 2008
Page 5

**VIA TELEFAX & MAIL 513-579-6457**
Attn: Charles M. Miller, Esq.
Keating Muething & Klekamp, PLL
Attorneys for Defendant Total Quality Logistics, Inc.
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202-3752

**VIA TELEFAX & MAIL 201-886-0111**
Attn: Sukjin Henry Cho, Esq.
Pak & Cho, P.C.
Attorneys for Defendant Total Quality Logistics, Inc.
1222 Anderson Avenue
Fort Lee, New Jersey 07024

**VIA TELEFAX & MAIL 201-886-0111**
Attn: Sung Yong Ahn
Pak & Cho, P.C.
Attorneys for Defendant Total Quality Logistics, Inc.
230 Park Avenue, Suite 1000
New York, New York 10169

**VIA TELEFAX & MAIL 973-643-6500**
Attn: Bennet Susser, Esq.
Sills Cummis & Gross, P.C. (NJ)
Attorneys for Defendant Hill's Trucking, Inc.
One Riverfront Plaza
Newark, New Jersey 07102-5400

**REGULAR MAIL ONLY**
Bolivar Insurance
Real Estate Inc.
800 West Market Street
Bolivar, Tennessee 38008

**REGULAR MAIL ONLY**
Canal Insurance Company
400 East Stone Avenue
Greenville, South Carolina 29601