UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------
FORTIS CORPORATE INSURANCE, as subrogee of
Empire Resources, Inc.,

                    Plaintiff,

-against-

TOTAL QUALITY LOGISTICS, INC., and HILL'S
TRUCKING, INC.,

                    Defendants.
--------------------------------------------------------------
TOTAL QUALITY LOGISTICS, INC.,

                  Third-Party Plaintiff,

-against-

BOLIVAR INSURANCE AND REAL ESTATE, INC.,
and CANAL INSURANCE CO.

                  Third-Party Defendants.
--------------------------------------------------------------

Docket No.: 07 CIV 03731 (VM)

**ANSWER TO THIRD-PARTY COMPLAINT**

Third-Party Defendant, BOLIVAR INSURANCE AND REAL ESTATE, INC. ("Bolivar"), by its attorneys, LUSTIG & BROWN, LLP, as and for its Answer to the Complaint, alleges upon information and belief as follows:

First: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "1" of the Third-Party Complaint.

Second: Admits the allegations contained in paragraph numbered "2" of the Complaint.

Third: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "3" of the Third-Party Complaint.

Fourth: Admits that third-party defendant Bolivar is an insurance agency/brokerage that procures insurance including policies issued by third-party defendant Canal Insurance Co. and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in paragraph numbered "4" of the Third-Party Complaint.

Fifth: Admits that at a certain time third-party defendant Bolivar provided a certain Certificate of Insurance, refers this Honorable Court to the Certificate for its terms and conditions and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph numbered "5" of the Third-Party Complaint.

Sixth: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "6" of the Third-Party Complaint.

Seventh: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "7" of the Third-Party Complaint.

## COUNT I–DETRIMENTAL RELIANCE

Eighth: With regard to the allegations contained in paragraph "8" of the Complaint, the answering defendant repeats and reiterates each and every response contained in paragraphs numbered "First" through "Seventh," inclusive, of this Answer, with the same force as if fully set forth at length herein.

Ninth: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "9" of the Third-Party Complaint.

Tenth: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "10" of the Third-Party Complaint.

Eleventh: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "11" of the Third-Party Complaint.

## COUNT II –ESTOPPEL

Twelfth: With regard to the allegations contained in paragraph "12" of the Complaint, the answering defendant repeats and reiterates each and every response contained in paragraphs

numbered "First" through "Eleventh," inclusive, of this Answer, with the same force as if fully set forth at length herein.

Thirteenth: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "13" of the Third-Party Complaint.

Fourteenth: Denies knowledge or information sufficient to form belief as to the truth of the allegations contained in paragraph numbered "14" of the Third-Party Complaint.

### FIRST AFFIRMATIVE DEFENSE

Fifteenth: The allegations set forth in the Third-Party Complaint fail to state a claim against third-party defendant Bolivar upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Sixteenth: The third-party plaintiff's action is barred due to the application of the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Seventeenth: The action must be dismissed against this answering third-party defendant, since at all times they were acting at the direction of a disclosed principal.

### FOURTH AFFIRMATIVE DEFENSE

Eighteenth: Third-party plaintiff's complaint should be dismissed because this court lacks personal jurisdiction over the third-party defendant.

### FIFTH AFFIRMATIVE DEFENSE

Nineteenth: Third-party plaintiff's complaint should be dismissed because this court lacks subject matter jurisdiction over this action.

### SIXTH AFFIRMATIVE DEFENSE

Twentieth: Third-party plaintiff's complaint should be dismissed because any acts or

omissions of the third-party defendant were not the proximate cause of third-party plaintiff's damages.

### SEVENTH AFFIRMATIVE DEFENSE

Twenty-first: Third-party plaintiff's action is improperly venued.

### EIGHTH AFFIRMATIVE DEFENSE

Twenty-second: The instant action must be dismissed as there is another action pending between the same parties for the same cause of action in the State of Tennessee.

### JURY DEMAND

Third-party defendant, BOLIVAR INSURANCE AND REAL ESTATE, INC., demands a jury on all issues herein stated.

**WHEREFORE,** Third-Party Defendant demands judgment as follows:

(a) The causes of action of third-party plaintiff against Bolivar Insurance and Real Estate, Inc. be dismissed;

(b) Judgment be awarded to third-party defendant, Bolivar Insurance and Real Estate, Inc. based upon affirmative defenses;

(c) Any recovery awarded to third-party plaintiff be diminished in proportion to which third-party plaintiff's own culpable conduct contributed to their claimed damages;

(d) The rights of third-party defendant as against themselves, be determined and that have judgment over against for all or part of any judgment that third-party plaintiff may recover against them; and third-party plaintiff may recover against them; and

    (e)  Such other and further relief be awarded as the Court deems just and proper.

Dated: New York, New York
   February 22, 2008

                LUSTIG & BROWN, LLP

                /s/ Stephen C. Cunningham
                _____
                Stephen C. Cunningham (SCC-7583)
                Attorneys for Third-Party Defendant
                *BOLIVAR INSURANCE AND REAL ESTATE, INC.*
                28 West 44th Street, 20th Floor
                New York, New York 10036
                (212) 832-3235

215658.1